No. 79–6583. MOOREFIELD *v.* UNITED STATES SECRET SERVICE ET AL. C. A. 5th Cir. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN joins, dissenting.

Because the decision in this case is subject to serious question under the reasoning of *NLRB* v. *Robbins Tire & Rubber Co.*, 437 U. S. 214 (1978), I dissent from the denial of certiorari.

The Secret Service maintains an open file on petitioner, who has twice been convicted of threatening to kill the President. In January 1976, petitioner filed an administrative request with the Service to inspect that file, or at least such portions of it as could be segregated from exempt portions.[1] There were at that time no proceedings pending against petitioner. His request was denied in its entirety.[2] This decision was

---

[1] The Court of Appeals recognized that Moorefield's convictions did not affect his right to see the file.

[2] The Secret Service cited seven Freedom of Information Act exemptions in refusing the original request. These exemptions appear in 5 U. S. C. §§ 552 (b) (2), (5), (7) (A, C–F).

upheld on administrative appeal and in subsequent judicial proceedings brought under the Freedom of Information Act, 5 U. S. C. § 552 (a)(4)(B). During the course of these proceedings, petitioner learned that the file he sought consisted of 225 pages. Despite a request by petitioner, at no time was this file itemized and indexed in such a way as to correlate particular portions of the file with particular exemption provisions of the Act.

The District Court conducted an *in camera* inspection of the file and then granted respondents' motion for summary judgment, finding that disclosure "would constitute a threat to ongoing enforcement activities and to certain individuals within [and] without the Secret Service." The Court of Appeals affirmed, 611 F. 2d 1021 (CA5 1980), relying on this Court's interpretation of Exemption 7 (A) of the Act, 5 U. S. C. § 552 (b)(7)(A), in *Robbins Tire*.

The Act requires that records and materials in the possession of federal agencies be made available on demand, unless the requested material falls within one of nine statutory exemptions. Exemption 7 (A) states: "This section does not apply to matters that are . . . (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings . . . ." The present language of this Exemption is the result of a 1974 amendment to the Act. The Act, prior to 1974, had exempted from disclosure all "investigatory files compiled for law enforcement purposes." 5 U. S. C. § 552 (b)(7) (1970 ed.). In *Robbins Tire* we surveyed the meaning and scope of Exemption 7 (A) in light of the legislative history that led to its narrowing in 1974. We concluded that the purpose of the 1974 amendment had been "to eliminate 'blanket exemptions' for Government records simply because they were found in investigatory files compiled for law enforcement purposes . . . ." 437 U. S., at 236.

The Court of Appeals decision in this case creates a "blanket exemption" for any open Secret Service file. The court reached this result by means of a novel interpretation of the phrase "enforcement proceedings" and a questionable inference from *Robbins Tire*. First, the court interpreted "enforcement proceedings" to include more than adjudicatory procedures. It held that because Secret Service investigations are "directed toward an active and concrete effort to enforce the law," 611 F. 2d, at 1025, they qualify as "enforcement proceedings" under the Act. Second, *Robbins Tire* permits agencies to make "generic determinations" that disclosure of certain kinds of materials would interfere with enforcement proceedings. The Court of Appeals held that Secret Service files qualify as such a generic determination. Thus, any Secret Service file related to an open investigation is wholly exempted, without more, from disclosure.

The Court of Appeals thought that the prophylactic aim of the Secret Service distinguishes it from other law enforcement agencies that conduct "investigations with a view towards apprehending law-breakers and bringing them to justice." 611 F. 2d, at 1025. Clearly, however, other law enforcement agencies have prophylactic goals, and the acts the Secret Service investigates are crimes. See, *e. g.,* 18 U. S. C. § 871 (threats against the President are punishable by fine and imprisonment). If Secret Service investigations, without limitation, qualify as enforcement proceedings regardless of whether or not there is an adjudicatory proceeding pending or imminent, then arguably many investigatory files of other law enforcement agencies also qualify for exemption.

*Robbins Tire* concluded that a generic determination that disclosure of witness statements prior to unfair labor practice hearings would interfere with those proceedings was permissible under Exemption 7 (A). The decision of the Court of Appeals, however, did not make a generic determination with

respect to a kind of document, but rather with respect to a kind of investigatory file. Such a file could include various types of documents. This seems inconsistent with what the Court said in *Robbins Tire:*

> "by substituting the word 'records' for 'files,' [the 1974 amendment] would make clear that courts had to consider the nature of the particular document as to which exemption was claimed, in order to avoid the possibility of impermissible 'commingling' by an agency's placing in an investigatory file material that did not legitimately have to be kept confidential." 437 U. S., at 229–230.

Accordingly, I would issue the writ and give this case plenary consideration.