Michael C. ANTONELLI,
Plaintiff-Appellant,

v.

DRUG ENFORCEMENT ADMINISTRA-
TION, and Peter B. Bensinger, Admin-
istrator, Defendants-Appellees.

No. 82–2802.

United States Court of Appeals,
Seventh Circuit.

Submitted July 10, 1984.[*]

Decided July 24, 1984.

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Having considered the appellant's Statement as to Need for Oral Argument, the court has concluded that oral argument is not necessary. Accordingly, this case has been submitted for decision on the briefs and record.

Michael C. Antonelli, pro se.

Mary Anne Mason, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, PELL and COFFEY, Circuit Judges.

PER CURIAM.

Plaintiff appeals from an order of the district court dismissing his complaint under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and holding that the information which he sought to obtain from defendants is exempt from disclosure under the Act. For the reasons discussed below, we affirm the ruling of the district court.

█ Plaintiff sought to obtain information in the files of the Drug Enforcement Administration (DEA) relating to three other individuals, and he submitted releases purportedly signed by those individuals. The defendant's answer indicated that there was reason to believe that the releases were obtained under false pretenses and that the information requested was exempt from disclosure. The district court granted defendant's motion to submit a Vaughn index[1] and other supporting materials *in*

camera. After reviewing the submitted material, which it found to be detailed and specific, the district court determined that the defendant did not possess any information regarding one of the individuals and that, with respect to the other two, the requested information was exempt from disclosure under 5 U.S.C. §§ 552(b)(2), (b)(7)(A), (b)(7)(C), (b)(7)(E), and (b)(7)(F) because disclosure would jeopardize DEA informants and ongoing investigations.

█ A reviewing court has two duties when reviewing the district court's determination of a FOIA request. First, it must determine if the district court had an adequate factual basis for the decision rendered. If there was such a basis, the reviewing court must decide if the decision made was clearly erroneous. *Chilivis v. Securities Exchange Commission*, 673 F.2d 1205, 1210 (11th Cir.1982); *Stephenson v. Internal Revenue Service*, 629 F.2d 1140, 1144 (5th Cir.1980). Under the FOIA, all documents are available to members of the public unless they are specifically exempted by the Act itself. The burden is on the governmental agency to prove that specific documents fit within one of the statutory exemptions. *Vaughn v. Rosen*, 484 F.2d 820, 823 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). To meet this burden and to assist the court in making its determination, the agency must provide detailed justification for its claim of exemption, addressing the requested documents specifically and in a manner allowing for adequate adversary testing. *Id.* at 826–828. The agency may submit detailed descriptions of the requested documents and justifications of the claim of exemption without disclosing the documents themselves. *Stein v. Department of Justice and FBI*, 662 F.2d 1245, 1253 (7th Cir.1981). If necessary, the district court may review the documents themselves *in camera*. In certain cases,

---

1. In *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir. 1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), the D.C. Circuit held that the agency resisting disclosure must provide sufficient information to enable the party seeking disclosure to frame his request with precision

and to enable the court to make an informed ruling on the claim of privilege. This information can be provided by itemizing and indexing the documents at issue. Such an itemization has come to be known as a *Vaughn* index.

the affidavits and descriptions may be submitted *in camera* as well, although this should normally be done after creation of as much of a public record as possible. *Id.* at 1255–56 n. 5.

■ The plaintiff objects to both the procedures which denied him access to the affidavits and *Vaughn* index and to the final determination that the requested documents were exempt. The defendant's motion to submit the index and other information *in camera* was supported by detailed affidavits and several other documents related to the matter. These were available to the petitioner and he filed no objection to the motion. The reason given for requesting *in camera* submission, that even indirect disclosure would jeopardize the identity of certain informants and investigations, provides ample reason for limiting access to the other affidavits and the *Vaughn* index. In addition, the defendant voluntarily submitted the documents themselves, so that the district court could determine for itself the legitimacy of the claims. The district court was apparently satisfied that in this instance *in camera* submission of the index and detailed affidavits was proper despite the limits placed on petitioner. Our review of the same material leaves this Court equally convinced.

■ Review of the public record, the *Vaughn* index, the detailed affidavits and the documents themselves satisfy us that the determination that all material requested is statutorily exempt was not clearly erroneous. It is quite likely, indeed, that the requested information would jeopardize the identity of several individuals and the existence of ongoing DEA investigations. Consequently, we affirm the district court's ruling that the requested information is exempted by 5 U.S.C. § 552.

It should be noted that, contrary to the assertions of the plaintiff and some of the statements in the defendant's public affidavit, the rulings in this case, both by the district court and by this Court, are based solely on the provisions of the statute and the nature of the material requested. The possible motives of the plaintiff in requesting the material and the validity or non-validity of the proffered releases are not relevant to the disposition in this case and have not been considered. Exempt material may not be released to members of the public, whatever their motives for the request, and third parties may not give permission for exempt information to be disclosed.

AFFIRMED.