822 F.2d 642
 56 USLW 2043, 13 O.S.H. Cas.(BNA) 1324,
1986-1987 O.S.H.D. ( 27,954
 Joyce D. WRIGHT and Donna Smith, Co-Administrators of the
Estate of George E. Smith, Jr., Plaintiffs-Appellants,
v.
OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, and United
States Department of Labor, an agency of the
United States of America, Defendants-Appellees.
 No. 86-2208.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 12, 1987.
Decided June 1, 1987.
 
 Richard E. Steck, Steck & Schoefield, P.C., Chicago, Ill., for plaintiffs-appellants.
 Richard Galgoey, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for defendants-appellees.
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 CUDAHY, Circuit Judge.
 
 
 1
 Plaintiffs appeal from an order of the district court which held that the information that they sought to obtain from the Occupational Safety and Health Administration ("OSHA") under the Freedom of Information Act (the "FOIA"), 5 U.S.C. Sec. 552, is exempt from disclosure. For the reasons discussed below, we affirm the ruling of the district court in part, vacate in part and remand for further proceedings.
 
 I.
 
 2
 Plaintiffs are the co-administrators of the estate of George E. Smith, who died as a result of a fire and explosion that occurred at a facility owned by Union Oil Company of California ("Union Oil"). The administrators brought a wrongful death suit against Union Oil in state court, seeking compensatory and punitive damages in excess of $15,000,000. To aid in the prosecution of that suit, they sought records compiled by OSHA during the course of its investigation of the accident. The purpose of OSHA's investigation was to determine whether the accident occurred as a result of Union Oil's failure to comply with the Occupational Safety and Health Act, 29 U.S.C. Sec. 651 et seq. (the "OSH Act"). OSHA ultimately issued citations charging Union Oil with violations of the OSH Act and assessed penalties in the amount of $31,000.[1] The company filed a notice of contest on January 10, 1985, challenging the proposed penalties. On February 19, 1985, OSHA initiated proceedings before the Occupational Safety and Health Review Commission (the "OSHRC") to enforce collection of the assessed penalties. Brock v. Union Oil of California, No. 85-0111. The trial commenced in this case on April 21, 1987 before an administrative law judge, and it is expected to continue for approximately six weeks.
 
 
 3
 In January 1985, the administrators requested under the FOIA that OSHA release to them the "complaint and back up report" generated by OSHA during the course of its investigation. OSHA denied the administrators access to almost all of the records compiled during the course of its investigation, releasing only the citations and notice of penalty issued against Union Oil. OSHA claimed that the remaining documents requested were exempt from release under section 552(b)(7)(A) of the FOIA ("Exemption 7(A)").[2] The plaintiffs then filed an administrative appeal with the Solicitor of Labor. The Solicitor failed to respond in a timely manner, and the plaintiffs sued OSHA in district court. The Solicitor subsequently denied the administrative appeal.[3]
 
 
 4
 In the district court, OSHA moved for summary judgment, claiming that Exemption 7(A) permitted it to withhold the remaining requested documents. To justify nondisclosure under Exemption 7(A), an agency must show that the records were compiled for law enforcement purposes and that disclosure might impede enforcement proceedings. The plaintiffs conceded the first prong of this test, and the district court found that OSHA established that disclosure of the documents would hinder its enforcement proceeding against Union Oil. In support of its summary judgment motion, OSHA submitted the affidavits of Kenneth Yotz, the Assistant Regional Administrator for OSHA's Region V, and Sofia Petters, an attorney with the Department of Labor's Office of the Solicitor. In the Petters affidavit, OSHA broke down the withheld documents into five general categories, and it detailed why the release of the requested information would impede its investigation. The following categories of documents were withheld:
 
 
 5
 (a) evidence and supporting information compiled by the compliance safety and health officer (the "CSHO");
 
 
 6
 (b) records reflecting the identities of employee-witnesses contacted and information related by them to the CSHO;
 
 
 7
 (c) worknotes and memoranda generated by the CSHO;
 
 
 8
 (d) correspondence between the Regional Solicitor of Labor and the Area Director of OSHA; and
 
 
 9
 (e) reference materials consulted by the CSHO during the investigation.
 
 
 10
 Petters Affidavit p 17.
 
 
 11
 In opposing the motion for summary judgment, the plaintiffs objected to the generic categories of documents provided by OSHA. The plaintiffs argued that the agency must prepare a comprehensive listing of each document cross-referenced to the FOIA exemption being asserted for each, a so-called "Vaughn index". See Vaughn v. Rosen, 484 F.2d 820, 826-28 (D.C.Cir.1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). Or, alternatively, the plaintiffs contended that OSHA must submit the documents to the court for in camera review.
 
 
 12
 The district court concluded that the generic categorization approach taken by OSHA was well supported by case law. Wright v. OSHA, No. 85 C 7163, mem. op. at 4 (N.D. Ill. June 30, 1986). The court accordingly turned to an examination of the sufficiency of the reasons offered to justify exempting the documents from disclosure. The court found that release of evidence and supporting information compiled by the CSHO, information relayed by employee-witnesses and the agency's notes and memoranda might alert the company to the government's litigation strategy. Id. at 4-6. Although the documents were not being requested by Union Oil, which is the actual target of OSHA's investigation, the district court reasoned that if the information was released to the plaintiffs, the company might obtain the documents through discovery during the course of the state court suit. Id. at 5 n. 1. With respect to the correspondence between the Regional Solicitor of Labor and the Area Director of OSHA, the court concluded that this information must be protected from disclosure to encourage candor in discussions between attorney and client. Finally, the district court found that disclosure of the reference materials consulted by OSHA might reveal the theory of its case against Union Oil. Id. at 6. Accordingly, the court granted summary judgment in favor of the defendants and dismissed the suit. This appeal followed.
 
 II.
 
 13
 In reviewing a district court's determination with respect to a FOIA request, we must first determine whether "the district court had an adequate factual basis for the decision rendered. If there was such a basis, [we] must decide if the decision made was clearly erroneous." Antonelli v. Drug Enforcement Admin., 739 F.2d 302, 303 (7th Cir.1984). We consider each question in turn.
 
 A.
 
 14
 On appeal, the administrators argue that the government should be required to make a more particularized showing of the need to withhold the requested documents. In their brief, they contend that the government must prepare a Vaughn index. However, during oral argument, the administrators seemed to concede that the government is not required to prepare such a detailed index. Instead, they argued that the government's descriptions of the documents withheld were too conclusory to permit review by a court to determine whether the documents were in fact exempt from disclosure under the FOIA.
 
 
 15
 As the appellants conceded at oral argument, courts have not universally required agencies to produce detailed Vaughn indexes in response to every FOIA request. Although in some cases a Vaughn index might be necessary to permit a court to properly review a claimed exemption, such a detailed listing is generally not required under Exemption 7(A). NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 236, 98 S.Ct. 2311, 2324, 57 L.Ed.2d 159 (1978) (Congress did not intend that Exemption 7(A) would "prevent the federal courts from determining that, with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally 'interfere with enforcement proceedings' "); Campbell v. Department of Health and Human Servs., 682 F.2d 256, 263, 265 (D.C.Cir.1982); Barney v. IRS, 618 F.2d 1268, 1272 (8th Cir.1980) (rejecting plaintiffs' contention "that the district court could not make a proper de novo determination without in camera inspection of the documents or requiring the government to submit a detailed index, itemizing the documents withheld and specifying the applicable exemptions"); Moorefield v. United States Secret Serv., 611 F.2d 1021, 1023-24 (5th Cir.), cert. denied, 449 U.S. 909, 101 S.Ct. 283, 66 L.Ed.2d 139 (1980). The agency need only provide sufficient information to allow a court to review the agency's claimed exemption. In this case, we find that, with respect to the reference materials and "evidence and other supporting information compiled by the CSHO," the record does not provide a reviewing court with an adequate basis to decide whether the requested materials fall within Exemption 7(A).
 
 
 16
 With respect to the reference materials consulted by the CSHO during the course of the investigation, the district court concluded that these documents are exempt from disclosure under 7(A) because they "may reveal the investigator's theory of the case against Union Oil." OSHA's position on appeal as to these documents is that although "materials of this nature may not reflect the particulars of the investigation on their face, they nevertheless would reveal the nature and focus of the OSHA investigation should they be disclosed." Appellees' Brief at 32 (citation omitted).
 
 
 17
 We find that the category "reference materials" does not provide a court with adequate information to evaluate whether the release of these documents may interfere with OSHA's enforcement action against Union Oil. Neither the Petters affidavit nor anything else in the record provides any explanation as to the nature of the reference materials withheld or the adverse consequences that might result from disclosure.
 
 
 18
 We also find that OSHA has not provided an adequate factual basis to allow a court to determine whether the category of "evidence and supporting information compiled by the CSHO" is exempt from disclosure. Although there may be reason to believe that such information should be exempt under 7(A) to prevent giving away OSHA's case, this category may contain documents that Union Oil itself provided to OSHA during the course of the agency's investigation. In that case, it is not clear to us why public disclosure of this information would provide Union Oil with any information that it does not already have. Campbell, 682 F.2d at 260. The record does not reveal whether the CSHO compiled this information himself or whether Union Oil turned over some or all of this evidence.
 
 B.
 
 19
 With respect to the remaining categories of documents, we agree with the conclusion of the district court that OSHA adequately established that release of these documents might interfere with its ongoing enforcement proceeding against Union Oil. We are also satisfied that the determination that this material is exempt from disclosure under 7(A) is not clearly erroneous. Under Robbins Tire, 437 U.S. at 234-35, 98 S.Ct. at 2323, to exempt a document from release under 7(A), the government need not establish that release of the document would actually interfere with an enforcement proceeding. Instead, the government need show only "that, with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally 'interfere with enforcement proceedings.' " Id. at 236, 98 S.Ct. at 2324. Although Robbins Tire was decided under the prior version of Exemption 7(A), see supra p. 644 n. 2, the amended language of this exemption is at least as broad in this respect as that discussed in Robbins Tire. Cf. Allen v. Department of Defense, 658 F.Supp. 15, 23 (D.D.C.1986) (with respect to amended Exemption 7(C), which underwent a revision similar to that of Exemption 7(A), the court concluded that it "creates a broader protection [against disclosure] than had existed under the old language of the statute").
 
 
 20
 The release of information furnished by employee-witnesses obviously might impede OSHA's enforcement action. Although Union Oil might obtain some or all of the relevant documents through discovery during the proceedings before the OSHRC, disclosure of the information to the administrators might give the company earlier and greater access to these documents. While the party seeking disclosure here is not the actual target of OSHA's investigation, Union Oil might be able to obtain the documents from the administrators through discovery during the state court suit. Further, if the administrators can obtain the information under the FOIA, Union Oil might itself be able to request the information from OSHA under this act. If Union Oil obtains this information, it would tip off the company as to "the scope of the investigation, its direction, limits and types and sources of information relied upon." Petters Affidavit p 18. Public disclosure might also enable the company "to construct defenses, possibly tamper with potential evidence and otherwise employ measures to frustrate the enforcement proceedings." Id.; see Robbins Tire, 437 U.S. at 241, 98 S.Ct. at 2326; Barney, 618 F.2d at 1273.
 
 
 21
 In addition to revealing prematurely the government's case, disclosure of statements made by employee-witnesses as well as disclosure of their identities before an enforcement proceeding is completed could lead to reprisals against employees for cooperating with OSHA or to attempts to prevent employees from testifying. The risk of such reprisals could deter employees from coming forward and divulging damaging information about their employer. See Robbins Tire, 437 U.S. at 241, 98 S.Ct. at 2326 ("prehearing disclosure of witnesses' statements would involve the kind of harm that Congress believed would constitute an 'interference' with NLRB enforcement proceedings"); Polynesian Cultural Center v. NLRB, 600 F.2d 1327, 1329 (9th Cir.1979).
 
 
 22
 With respect to the category of documents that includes the notes and inter-agency memoranda prepared by the CSHO, the agency has provided a fairly detailed description of the information contained in these documents. The memoranda generated in the course of an OSHA investigation include the Form OSHA-1B and Form OSHA-1A. The Form OSHA-1B details the practices of the employer that the CSHO believes violate the OSH Act, and it also includes evidence in support of these findings. Petters Affidavit p 12. The Form OSHA-1A contains a narrative that essentially sets out the CSHO's theory of the case; this narrative includes an evaluation of the strength of OSHA's evidence, the CSHO's recommendation regarding disposition of the case, and the identification of areas where additional investigation may be necessary and areas where enforcement may be inadvisable. Id. The narrative, as well as other memoranda prepared by the CSHO, are turned over to agency decisionmakers to determine the course of the enforcement proceeding. Id. p 13. We agree with OSHA that release of this type of information might impede the agency's investigation by revealing to the target company the evidence that the government might rely on as well as the weaknesses the agency perceives in its own case. Disclosure would also hamper the free flow of ideas between an investigating officer and his or her superiors. See J.P. Stevens & Co. v. Perry, 710 F.2d 136, 143 (4th Cir.1983).
 
 
 23
 The next category of withheld documents involves correspondence between OSHA and its attorney, the Office of the Solicitor within the Labor Department. After the agency issues citations and notices of proposed penalties and the employer files a notice of contest, OSHA refers the case to the Regional Solicitor. In consultation with OSHA, the Regional Solicitor determines whether to seek enforcement of the citations and penalties. We agree with OSHA that the attorney-client privilege has a role to play in FOIA cases in which an agency relies on Exemption 7(A). Cf. Mead Data Central, Inc. v. United States Dept. of Air Force, 566 F.2d 242, 252 (D.C.Cir.1977) (holding that attorney-client privilege is consistent with exemption contained in section 552(b)(5) of the FOIA). The goal of encouraging full and frank discussion between attorneys and their clients, which is the purpose of the attorney-client privilege, would be undermined if the documents requested in this case were made public. Requiring disclosure of communications between a government attorney and his or her client agency would hamper the attorney's ability to prepare the case and would thereby "interfere with enforcement proceedings."
 
 III.
 
 24
 Accordingly, we affirm the decision of the district court with respect to all of the withheld documents except the evidence and supporting information compiled by the CSHO and the reference materials. With respect to those two categories, we remand this case to the district court to allow OSHA an opportunity to present a fuller explanation why it believes these documents are exempt from disclosure under 7(A). On remand, the district court should conduct a more searching review of the agency's proffered justifications.
 
 
 25
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 [1]
 Union Oil was charged, inter alia, with failing to furnish employment and a place of employment free from recognized hazards that were causing or were likely to cause death or serious physical harm to employees
 
 
 [2]
 Exemption 7(A) protects from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. Sec. 552(b)(7)(A) (West Supp.1987). Exemption 7(A) was amended effective October 27, 1986, which was subsequent to the decision of the district court in this case. Freedom of Information Reform Act of 1986, Pub.L. 99-570. The version of Exemption 7(A) which was in effect at the time this case was before the district court protected from disclosure "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings."
 
 
 [3]
 Although the matter is not relevant to this appeal, it seems ironic, at least on the surface, that OSHA seeks to withhold documents useful in a $31,000 penalty case from plaintiffs seeking over $15,000,000 from the same target company