**David E. BUCKNER, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

No. 1:97–CV–414.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

July 24, 1998.

---

**5.** These facts are uncontested whether or not the plaintiff's purported 12N statement is considered.

Deborah M. Leonard, United States Attorneys Office, Fort Wayne, TX, Melissa A. Holton, U.S. Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OF DECISION AND ORDER

WILLIAM C. LEE, Chief Judge.

Defendant Internal Revenue Service ("IRS"), filed a Motion for Summary Judgment on March 31, 1998. Plaintiff, David E. Buckner ("Buckner"), proceeding *pro se*, responded on May 7, 1998. The IRS has elected not to reply. For the following reasons, the Defendant's Motion for Summary Judgment will be GRANTED.

### I. Factual and Procedural Background

Buckner, *pro se*, commenced the current action on November 12, 1997, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, seeking declaratory and injunctive relief. The IRS filed an Answer on January 9, 1998. As is typical in FOIA disputes, the Plaintiff has requested documents from a defendant government agency and the agency claims to be withholding certain documents under FOIA disclosure exemptions. Whether or not those documents were properly withheld is the essence of this dispute.

The instant action before the Court is the latest in a string of conflicts between Buckner and the IRS. Prior to this dispute, the IRS had filed several liens against Buckner's property and had levied a garnishment on his wages.[1] Buckner decided to file for bankruptcy under Chapter 7 of the Bankruptcy Code as a result of the liens and garnished wages, and hoped to discharge certain tax debts via the bankruptcy proceeding.

The proceedings led to Buckner's contact with Timothy A. Lohrstorfer ("Lohrstorfer"), an IRS Attorney. Buckner is primarily interested in the documents contained in the files of Timothy Lohrstorfer.[2] Lohrstorfer

David E. Buckner, South Milford, IN, pro se.

1. It is unclear exactly how many liens were filed against Buckner. According to Buckner's "affidavit" his wages were garnished leaving him with "$102.92 per week to feed, house, clothe and care for" his family and himself. (Buckner's Aff. 17)

2. At some point Buckner became aware that the IRS had labeled him as an *"Illegal Tax Protester/Extremist,"* a label he rejects. He is interested in finding out how the IRS came to the conclusion to place such a label on him. Buckner believes that information from Lohrstorfer's files

contends that many of the documents were prepared in anticipation of litigation[3] and are exempt from FOIA disclosure under the attorney work-product exemption or attorney-client privilege exemption.

Buckner's primary goal is to discover the reason that the IRS has labeled him as an *"Illegal Tax Protester/Extremist."* To that end, Buckner, via several letters, requested production of all of the documents pertaining to Buckner maintained by the IRS for the tax years of 1981, up to and including, 1989, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended. After several months, the IRS released approximately 1395 documents responsive to Buckner's request and withheld 240 responsive documents in whole and 5 responsive documents in part. Upon further review by James A. Clark ("Clark"), a disclosure litigation attorney for the IRS, an additional 163 documents were released in full and 11 in part. Currently, the IRS is withholding 71 pages in full and 11 pages in part.[4] Whether or not these documents have been properly withheld is the essence of this dispute.

The IRS argues that the requested documents are being withheld because they are exempt from disclosure under FOIA exemptions (b) (3), (5) and (7). 5 U.S.C. § 552(b)(3), (5) and (7). The IRS has provided detailed declarations from three IRS officials in support of its position. The defendant agency has the burden of proving that all responsive documents have been released or properly withheld under FOIA. The IRS contends that it has fulfilled its obligation under FOIA to either disclose or establish an exemption for the requested documents.

Buckner believes that he does not have enough proof to rationally argue the merits of this action. The IRS has control of the documents and Buckner has not had an opportunity to see the documents in question.[5] Thus, Buckner considers himself at disadvantage in the instant action before the Court.

## II. Discussion

### A. Summary Judgment under FOIA

■■■ In a FOIA case, summary judgment is available when the defendant agency establishes that it has completely fulfilled its duties under FOIA by showing "that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Pollack v. United States Bureau of Prisons*, 879 F.2d 406, 409 (8th Cir.1989); (quoting, *Miller v. United States Department of State*, 779 F.2d 1378, 1383 (8th Cir.1985)); *National Cable Television Ass'n, Inc. v. Federal Communications Comm'n*, 479 F.2d 183, 186 (D.C.Cir.1973). The underlying facts, and the inferences to be drawn from them are to be construed in the light most favorable to the FOIA requester. *Pollack*, 879 F.2d at 409.

### 1. An adequate factual basis

■■■ In FOIA cases, a threshold predicate to deciding a motion for summary judgment is whether the defendant agency has given the court an adequate factual basis to decide whether or not the withheld documents fit into the prescribed exemptions. *See Becker v. IRS*, 34 F.3d 398, 402 (7th Cir.1994); *(citing Wright v. Occupational Safety and Health Admin.*, 822 F.2d 642, 645 (7th Cir.1987); *Antonelli v. Drug Enforcement Admin.*, 739 F.2d 302, 303 (7th Cir. 1984). There are three ways by which a defendant agency can provide the court with an adequate factual basis: 1) sufficiently de-

will help him find the origin of the *"Illegal Tax Protester/Extremist"* label.

**3.** Buckner commenced an adversary preceding against the IRS in bankruptcy court on October 28, 1997.

**4.** The Defendant's Memorandum in Support of Summary Judgment suggests that documents 77 and 88 are being completely withheld, however, the declarations of James A. Clark and Timothy A. Lohrstorfer, and letter from Donald M.

Squires suggest that 77 and 88 have only been partially withheld, which leaves the count at 71 documents withheld completely and 11 documents withheld in part.

**5.** Buckner is doubtful of the effort put forth by the IRS in producing the requested documents. While Buckner alleges getting run around by the IRS, many of his complaints are of a customer service nature and do not amount to a legal argument.

tailed affidavits; 2) a Vaughn index; or 3) submit the documents in question for an *in camera* inspection. A court may rely on any combination of the methods available to determine whether or not a document has been properly withheld under a FOIA exemption. The detailed affidavit is the least burdensome of the methods available. The Vaughn index and *in camera* inspection are used at the court's discretion when more information is necessary to establish an adequate factual basis for making a decision.

 A sufficiently detailed affidavit can provide the court an adequate factual basis for ruling on a FOIA case. The affidavit must convey the character of the documents in question with enough detail to demonstrate whether or not the claimed FOIA exemption is applicable. "A district court may grant summary judgment to the government in a FOIA case only if 'the agency affidavits describe the documents withheld and the justifications for nondisclosure in enough detail and with sufficient specificity to demonstrate that material withheld is logically within the domain of the exemption claimed.'" *Patterson v. IRS*, 56 F.3d 832, 836 (7th Cir.1995) (quoting *PHE, Inc. v. Department of Justice*, 983 F.2d 248, 250 (D.C.Cir.1993)) (quoting *King v. U.S. Department of Justice*, 830 F.2d 210, 217 (D.C.Cir.1987)); *see also Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir.1993) (holding that a sufficiently detailed affidavit can establish an adequate factual basis for the purposes of determining a FOIA disclosure dispute). Affidavits must assert more than mere bald conclusions to provide the court with an adequate factual basis for review. *Patterson v. IRS*, 56 F.3d 832, 836 (7th Cir. 1995). In some FOIA cases the agency is required to submit what is called a "Vaughn index" named for the case *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). A Vaughn index is a comprehensive listing of each withheld document cross-referenced with the FOIA exemption that the Government asserts as applicable. *Solar Sources Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir.1998); *see Wright v. OSHA*, 822 F.2d 642, 645 (7th Cir.1987); *Vaughn*, 484 F.2d 820 (D.C.Cir.1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873

(1974). The government is not obligated to create a Vaughn index (frequently a time-consuming and tedious process) in every FOIA case. *Wright*, 822 F.2d at 645–46. "The agency need only provide sufficient information to allow a court to review the agency's claimed exemption." *Id.* at 646.

 Alternatively, the court may require the agency to submit documents for an *in camera* inspection. When a court conducts an *in camera* inspection for the purposes of FOIA, the judge privately inspects the documents in question. An *in camera* inspection is not necessary when a defendant agency can clearly demonstrate that documents were properly withheld through detailed affidavits. *Silets v. United States Department of Justice*, 945 F.2d 227, 232 (7th Cir.1991) (holding that *in camera* review of documents should only be used when the exemption issues "cannot otherwise be resolved").

 The IRS has chosen to employ detailed affidavits in the present action. The detailed affidavits submitted by the IRS have given the Court an adequate factual basis to rule on summary judgment in the instant case. The IRS has submitted declarations from District Director James E. Rogers, Jr. ("Rogers"), Disclosure Litigation Attorney James A. Clark, and Trial Attorney Timothy A. Lohrstorfer from the Office of District Counsel for the IRS, Indianapolis, Indiana in support of its motion for summary judgment. The declarations provided by the IRS go beyond bald conclusions and provide itemized, detailed descriptions of the items withheld and the exemption under which the items fall. The information contained on the withheld documents that the IRS is attempting to protect includes: DIF scores and other investigative techniques; communications between IRS attorneys and other attorneys; communications between IRS attorneys and IRS personnel; documents prepared by an IRS attorney; and confidential third party tax return information. The supplemental itemized exhibit to the declaration of Lohrstorfer and the declarations provided by Rog-

ers and Clark along with the other exhibits [6] submitted by the IRS provide the court with an ample factual basis to make a decision. Thus, having established that the court has an adequate factual basis to make a determination, the question becomes whether the documents are being properly withheld under the claimed exemptions.[7]

### 2. Exemptions

 FOIA requires that federal agencies make their records available to the public unless disclosure is prohibited by a specific exemption. 5 U.S.C. § 552(d); *United States Department of Defense v. Federal Labor Relations Authority*, 510 U.S. 487, 494–95, 114 S.Ct. 1006, 1012, 127 L.Ed.2d 325 (1994). The disclosure exemptions of FOIA are well established. Several cases have helped to define criteria of the various documents that fit into the disclosure exceptions. Exemptions are to be narrowly construed, *Matter of Wade*, 969 F.2d 241, 246 (7th Cir. 1992), and the IRS bears the burden of proving that the documents it has withheld are exempt, 5 U.S.C. § 552(a)(4)(B); *Becker*, 34 F.3d at 402 (citing *Silets v. United States Department of Justice*, 945 F.2d 227, 228 (7th Cir.), cert. denied, 505 U.S. 1204, 112 S.Ct. 2991, 120 L.Ed.2d 868 (1992)).

The IRS asserts that FOIA Exemptions 3, 5, and 7 apply to the withheld documents in the present case.[8] 5 U.S.C. § 552(b)(3), (5), and (7). Exemption 3 prevents the mandatory disclosure of documents that are specifically protected from disclosure under another statute. The IRS contends, and case law supports, that I.R.C. § 6103(b)(2) is an exemptive statute for the purpose of exemption 3. FOIA exemption 5 protects attorney work-product and attorney-client privilege. Exemption 7 exempts the disclosure of documents that reveal investigative techniques. The IRS has clearly demonstrated the existence of the asserted exemptions with the statutory language coupled with the cited case law. Thus, the question becomes whether or not the claimed exemptions apply to the withheld documents.

### a. DIF Scores and investigative techniques

 It is well-established law that DIF scores are exempt from FOIA. *See Gillin v. IRS*, 980 F.2d 819, 822 (1st Cir.1992); *see also Lamb v. IRS*, 871 F.Supp. 301, 304 (E.D.Mich., 1994). Discriminant function scores (DIF scores) are standards used by the IRS to evaluate tax returns. (Rogers Decl., ¶ 3) The DIF score plays an important role in the IRS's decision to audit certain tax files. (Id.) Release of this information could compromise the integrity of the IRS and its regulatory function by allowing individuals to manipulate their DIF scores and possibly avoid a well-deserved audit. (Id. at ¶¶ 5–6) DIF scores are exempt from disclosure under FOIA exemption 3 in conjunction with I.R.C. § 6103(b)(2) and FOIA exemption (7)(E).

FOIA exemption 3 prevents FOIA from mandating disclosures that are contrary to other statutes. In particular, FOIA exemption 3 prevents FOIA from mandating a disclosure that is:

> specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers

---

**6.** The exhibits submitted include the declarations of Lohrstorfer, Rogers, and Clark in addition to: 1) a letter from Edward J. Maney, Buckner's attorney in the bankruptcy proceeding; 2) a detailed supplemental index of the withheld documents by Lohrstorfer; and 3) a March 24, 1998 letter from Donald M. Squires of the IRS Disclosure Litigation section to Buckner explaining why certain responsive documents were being withheld.

**7.** Establishing an adequate factual basis for the court to make a decision does not automatically establish that the documents withheld necessarily fit into the claimed exemptions. An adequate factual basis in a motion for summary judgment under FOIA simply means that the court has enough information to determine the character of the withheld document. Thus, the next step in the analysis is to inquire as to whether or not the documents fit into the claimed exemptions.

**8.** Buckner argues that the IRS has wrongfully added exemption 3. However, the IRS has asserted FOIA exemption 3 since filling an Answer in this action. Thus, exemption 3 has been properly asserted.

to particular types of matters to be withheld....

5 U.S.C. § 552(b)(3). Under FOIA, I.R.C. § 6103(b)(2) is an exemptive statute for the purposes of exemption 3 and prevents disclosure of DIF scores. Specifically, I.R.C. § 6103(b)(2)(B) states:

Nothing ... in any other provision of law, shall be construed to require the disclosure of standards used or to be used for the selection of returns for examination, or data used or to be used for determining such standards, if the Secretary determines that such disclosure will seriously impair assessment, collection, or enforcement under the internal revenue laws.

FOIA exemption (7)(E) exempts the disclosure of documents that would reveal investigative techniques, impede law enforcement, and risk circumvention of the law. 5 U.S.C. § 552(b)(7). Because DIF scores are investigative techniques, and the release of DIF scores could harm the regulatory capacity of the IRS, DIF scores are exempt from disclosure under FOIA. Thus FOIA exemptions (7)(E) and 3 in conjunction with I.R.C. § 6103(b)(2)(B) prevent the disclosure of DIF scores.

In the present case, documents 1–5 contain DIF scores. The IRS has released documents 1–5 in part to Buckner but has redacted the portions containing DIF scores. Buckner argues that the IRS should release the DIF scores because they are 17 years old. However, Buckner has provided no judicial authority for this proposition. Furthermore, DIF scores are still used by the IRS in evaluating tax returns. (Rogers Decl. ¶ 3) Thus, the age of the scores is of no consequence. The IRS has adequately satisfied the Court that the portions of the documents withheld fall within this exemption and Buckner has not provided the court with reason to believe otherwise.

Similarly, exemption (7)(E) exempts the redacted portions of documents 22, 26, 28, 30, 66, and 93, containing a discussion of another investigative technique relied upon by the IRS. The release of these documents would reveal a vulnerability in IRS procedures that could facilitate circumvention of payment of required taxes. Thus, the redacted portions of these documents are exempt from disclosure under exemption (b )(7)(E). (Lohrstorfer Decl. ¶ 3, 5 and Exhibit 2)

 b. Attorney work-product and attorney-client privilege

 Exemption 5 prevents FOIA from mandating the disclosure of documents that would normally be exempt from disclosure under a civil discovery privilege. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975). The exemption of documents containing attorney work-product and attorney-client privileged material under FOIA exemption 5 is well established.[9] *See Mead Data Central, Inc. v. U.S. Dept. of Air Force*, 566 F.2d 242 (D.C.Cir.1977) (attorney-client privileged material is exempt from FOIA); *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975) (attorney work-product is exempt from FOIA).[10] The attorney work-product exemption protects information gathered in anticipation of litigation from disclosure despite the status of the litigation. *See FTC v. Grolier*, 462 U.S. 19, 28, 103 S.Ct. 2209, 2214, 76 L.Ed.2d 387 (1983) (holding that under exemption 5, "attorney work-product is exempt from mandatory disclosure without regard to the status of the litigation for which it was prepared"); *see also Culinary Foods, Inc. v. Raychem Corp.*, 150 F.R.D. 122, 129–130 (N.D.Ill.1993) (holding that defendant agency must establish that the documents for which work-product exemption is claimed were prepared in anticipation of litigation). The attorney-client privilege protects the confidentiality of communications between a client and their attorney. "This privilege applies equally to inter-attorney communications or an attor-

---

9. In *Becker*, the plaintiffs did not challenge the district court's conclusion that communications between IRS personnel and an agency attorney may be withheld under the attorney-client privilege pursuant to exemption 5. *Becker*, 34 F.3d at 403.

10. Exemption 5 also encompasses the deliberative process privilege, which protects an agency's decision making process, but that aspect of exemption 5 is not being employed in the present case.

ney's notes containing information derived from communications to him from a client." *Green v. IRS*, 556 F.Supp. 79, 85 (N.D.Ind. 1982).

■ In the current action before the court, the IRS has shown that the documents for which exemption 5 has been claimed clearly fall within the attorney work-product or attorney-client privilege. In the instant case, Buckner was involved in bankruptcy proceedings which caused the IRS to prepare for litigation.[11] The IRS is asserting that attorney work-product in conjunction with exemption 5 protects documents created, received or collected by Lohrstorfer in anticipation of litigation. Furthermore, the IRS correctly asserts that attorney-client privilege preserves the confidentiality of documents that are communications among attorneys or between IRS personnel and agency attorneys. Again, Buckner asserts that the age of some of the documents in question eliminates the usefulness of the exemption. However, he does not support this assertion with legal authority.[12] The IRS has provided the Court with a sufficient factual basis to conclude that the documents for which the exemption has been claimed fall within the attorney work-product privilege.

c. Third Party Tax Return information [13]

■ The redacted information regarding tax information of a third party who is not a party to this case is clearly exempted from disclosure. Exemption 3 prevents FOIA from mandating disclosures that are contrary to other statutes. Under FOIA, I.R.C. § 6013(a) is an exemptive statute under exemption 3, and protects return information from disclosure. Moreover, I.R.C. § 6103(b)(2) mandates that the confidentiality of return information be maintained and defines return information as, *inter alia*, ma-

terial that reveals a taxpayer's identity. In the present case, the IRS has redacted portions of 77, 88, 89, 92, 94, 97, and 98 that contain information revealing confidential return information and the identity of a tax payer that is not a party to this litigation. Buckner raises no argument to dispute the appropriateness of the exemption. The confidentiality of third party return information is well established in both statutes and case law. I.R.C. § 6103(b)(2); *See Church of Scientology v. IRS*, 484 U.S. 9, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987). Thus, the IRS has provided the Court with sufficiently detailed information to show that the documents revealing third party tax return information were properly withheld.

### III. Conclusion

For the aforementioned reasons, the IRS's Motion for Summary Judgment is GRANTED.

---

**11.** Though Buckner asserts that he does not believe that IRS had reason to anticipate litigation, the fact that litigation has occurred (both in this case and an adversarial proceeding in bankruptcy court) is persuasive. Furthermore, Buckner does not provide any factual evidence to support his assertion.

**12.** Contrary to Buckner's assertion, the U.S. Supreme Court in *Swidler & Berlin v. U.S.*, held that the attorney-client privilege survives death of the

client. *Swidler & Berlin v. U.S.*, —— U.S. ——, 118 S.Ct. 2081, 141 L.Ed.2d 379, 1998 WL 333019 (1998). This holding suggests that attorney-client privilege extends for at least several years if not indefinitely.

**13.** This is the least controverted area of withheld documents. The Plaintiff has neglected to address this issue in his response to the Defendant's motion.