**Seymour POLLACK, Appellant,**

v.

**UNITED STATES BUREAU OF PRISONS, Appellee.**

No. 88–2618.

United States Court of Appeals, Eighth Circuit.

Submitted June 8, 1989.

Decided July 17, 1989.

Seymour Pollack, pro se.

Robin J. Aiken, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before ARNOLD, BOWMAN, and MAGILL, Circuit Judges.

ARNOLD, Circuit Judge.

In this suit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act, *id.* § 552a, Seymour Pollack seeks to enforce the District Court's order requiring the United States Bureau of Prisons to release various records pertaining to him. This appeal stems from the Court's refusal to order additional disclosure after the Bureau asserted in pleadings that all of Pollack's "central file," maintained at his place of imprisonment, had been made available to him. Because the Bureau did not submit the affidavit of a responsible agency official describing its search or denying the existence of other responsive records or files, we remand to the District Court for further proceedings in accordance with this opinion.

I.

In his pro se complaint filed on December 24, 1986, Pollack alleged that the Bureau of Prisons office in Washington, D.C., failed to respond to two letters he had written requesting records. Attached to the complaint was a copy of a letter to the Bureau listing the information Pollack desired: (1) FBI identification record ("rap sheet"); (2) BP–15 classification report and all included materials; (3) United States Parole Commission "minifile," including the Presentence Investigation report (PSI); (4) all medical records; (5) all communications concerning Pollack; (6) A.O. 235 Sentencing Court Memorandum; (7) D.J. 792 United States Attorney's Report; (8) any other related letters, memoranda, records, or notes, or any communication whatsoever pertaining to Pollack. In addition, Pollack requested a *Vaughn* index of any documents claimed to be exempt from disclosure. *See Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

In response to a show-cause order issued by a magistrate, the Bureau submitted Pollack's FBI "rap sheet," one-half page of custody and classification data, a Parole Commission notice-of-hearing form, and documents described as the "objective portion" of Pollack's medical records. Michael Hood, an attorney advisor at the United States Medical Center for Federal Prisoners (MCFP), submitted an affidavit stating that the PSI would not be provided because it was not subject to disclosure under FOIA, and that the "subjective" portion of Pollack's medical records would be withheld due to the potential "chilling effect" on medical relationships flowing from disclosure. The PSI and subjective medical records were submitted for in camera review. Hood stated that all of Pollack's central file except his PSI had been revealed, and that Pollack's requests for classification material included with the BP–15 form and for all other documents pertaining to him were too broad to be complied with.

Although the magistrate recommended dismissal of the case, the District Court on December 8, 1987, rejected the Bureau's claimed Privacy Act exemption and ordered the agency to provide Pollack with a copy of his PSI and a *Vaughn* index of the medical records *and classification materials* that it sought to withhold. Finally, the Court stated that Pollack's request for "other" documents pertaining to him was too broad, but indicated that the ruling was without prejudice to a particularized request at a later date. Pollack responded by filing a request for thirty-nine specific documents and groups of records. The District Court did not acknowledge this request, and the Bureau did not address it until the final stages of the case.

The Bureau initially appealed the order with respect to the PSI. While the Bureau's appeal was pending, this Court refused to order the Bureau to turn over all documents other than the PSI; rather, Pollack was directed to seek such relief in the District Court. *Pollack v. United States Bureau of Prisons*, No. 88–1251 (8th Cir. May 3, 1988) (order). The PSI was released to Pollack on June 1, 1988, after the

Supreme Court held that agencies with possession of PSI reports were subject to the disclosure rules of FOIA. *See United States Dep't of Justice v. Julian*, 486 U.S. 1, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988). After Pollack received his PSI, the District Court warned the Bureau to turn over the remaining documents or face citation for contempt.

On July 11, 1988, the Bureau filed a report to the Court stating "[c]ounsel for respondent has been advised that all remaining documents have been disclosed to petitioner, pursuant to the court's order, with the exception of [the subjective portion of the medical records]." The report indicated that the appeal to this Court was being dismissed, and that the medical records that had been submitted for in camera inspection were being retrieved and photocopied for disclosure to Pollack. Pollack later received copies of these records, but he complained that they were incomplete and that the Bureau continued to withhold classification materials.

The District Court then issued an order indicating that the relief Pollack had requested had apparently been afforded, and directing him to show cause why the case should not be dismissed. In his response, Pollack again stated that the Bureau had failed to provide him with the material accompanying the BP–15 classification data sheet, and some of his medical records. Pollack also pointed out that the Bureau had not objected to his particularized list of requested information.

In a pleading filed August 10, the Bureau alleged that Pollack had been provided access to the entire contents of his central file. With regard to Pollack's particularized request, the Bureau noted that the Court had not directed disclosure of such documents, if they existed. Additionally, the Bureau maintained, any item listed in the particularized request and contained in the central file would be available to Pollack. The pleading stated that the United States Attorney's office had been advised that, according to a prison employee, all documents in the central file had been giv-

en to Pollack. The pleading was not accompanied by an affidavit.

Pollack replied that on August 15, 1988, he had inquired about several of the documents on the particularized list, such as the designation teletype, transfer orders, in-transit information, movement summary, inmate file checkout card, designation determination, and medical limitations. He alleged that he was told that these documents were in the central records office, in a separate file from the central file kept at the institution. Thus, claimed Pollack, the court had been "hoodwinked" by the Bureau's carefully limited references to the "central file."

On September 27, 1988, the District Court held that the Bureau had disclosed the materials it had been specifically ordered to disclose. Pollack then filed a motion for reconsideration.[1] On October 13, 1988, the Court denied Pollack's motion for reconsideration. This appeal followed.

### II.

An agency defendant under FOIA is entitled to summary judgment if it establishes that it has fully discharged its obligations under the Act. *Miller v. United States Dep't of State,* 779 F.2d 1378, 1382 (8th Cir.1985). The underlying facts, and the inferences to be drawn from them, are to be construed in the light most favorable to the FOIA requester. *Id.* In order to support the dismissal with prejudice of Pollack's claim, the Bureau of Prisons was required to show that " 'each document that [fell] within the class requested either [had] been produced, [was] unidentifiable, or [was] wholly exempt from the Act's inspection requirements.' " *Id.* at 1383

(quoting *National Cable Television Ass'n v. Federal Communications Comm'n,* 479 F.2d 183, 186 (D.C.Cir.1973)). Because the Bureau claimed to have disclosed all its documents by providing access to the central file, one issue before the District Court was whether the Bureau had conducted a search reasonably calculated to uncover all relevant documents. *See id.* An agency may prove the reasonableness of its search through affidavits from responsible agency officials, as long as such affidavits are relatively detailed, nonconclusory, and submitted in good faith. *Id.; Goland v. Central Intelligence Agency,* 607 F.2d 339, 352 (D.C.Cir.1978), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 63 L.Ed.2d 759 (1980).

■ At various stages of this case, the Bureau has maintained (1) Pollack's request for classification materials was too broad; (2) these materials were not subject to disclosure during pendency of the appeal on the PSI issue; (3) if the materials existed, they were in the central file and had been available all along, and (4) the Bureau was not at fault if materials were not part of the central file. But the Bureau has never squarely denied, by affidavit or pleading, Pollack's repeated assertions that some records are kept apart from the central file, perhaps in the Bureau's national or regional offices.[2] Given this state of affairs, we do not believe the Bureau's statements have been sufficiently nonconclusory, detailed, or in good faith.

■ After holding that the request for "other [records] pertaining to Pollack" was too broad, the District Court never acknowledged or ruled on Pollack's list of thirty-nine specific records he desired. The Bureau later relied on the Court's inaction

---

1. The motion was accompanied by Pollack's declaration under 28 U.S.C. § 1746 asserting, inter alia, (1) he had observed voluminous medical files pertaining to himself and only a small portion of these records had been given to him; (2) he had been told that documents pertaining to him were located in the records office and not in his central file, and the documents would not be turned over to him without a court order; and (3) prison officials had admitted there were many documents in his medical files that would not be released without another court order.

2. The Bureau submitted only three affidavits in the case, all from MCFP attorney advisor Hood. The first affidavit reflected the Bureau's position that Pollack's request for classification materials was too broad. Hood's second affidavit informed the Court that the Bureau did not believe it was required to release documents pending resolution of its appeal. The final affidavit stated only that Pollack had been given his PSI.

to deny any duty to produce these records, and stated additionally that any of these documents that were in the central file had been disclosed. A remand is necessary to allow the District Court to rule on this particularized list.

■ Finally, Pollack continues to assert that the Bureau never disclosed all medical records. The Bureau responds that it withheld only records compiled *after* the District Court order granting disclosure, and did so because release of medical documents could harm physician-patient relationships. The propriety of this claimed exemption is not before this Court on the present appeal. If the medical records submitted to the Court for in camera inspection were complete at that time, the Bureau discharged its duty with respect to this case. Although Pollack requested "on-going" disclosure, a separate request to the agency for updated medical records is required. *See Kissinger v. Reporters Comm. for Freedom of the Press,* 445 U.S. 136, 155 n. 9, 100 S.Ct. 960, 971 n. 9, 63 L.Ed.2d 267 (1980) (withholding of records prohibited by FOIA is gauged by time at which request was made).

### III.

The record in this case does not establish that all classification materials have been produced, nor has the District Court ruled on the records in the particularized request. Accordingly, the matter will be remanded to the District Court with instructions to require more definite statements from the responsible officials, to rule on Pollack's specific requests, and to determine whether records exist at locations other than the "central file."

It is so ordered.