991 F.2d 800
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas Robert STIMAC, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF JUSTICE, Defendant-Appellee.
 No. 91-1755.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 14, 1993.
Decided April 22, 1993.[1]
Rehearing and Rehearing En Banc
Denied May 21, 1993.
 
 Before CUMMINGS, CUDAHY, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Thomas Robert Stimac appeals pro se from a district court order entering summary judgment in favor of defendant, the United States Department of Justice, after the court found that defendant had performed a reasonably adequate search for the documents requested by Stimac through the Freedom of Information Act (FOIA).[2] 5 U.S.C. § 5.
 
 Background
 
 2
 In 1982, Stimac was convicted of kidnapping and sentenced to a 15-year term of imprisonment. See United States v. Hattaway, 740 F.2d 1419 (7th Cir.1984) (direct criminal appeal). He was released from prison in May 1991.
 
 
 3
 In 1990, Stimac sent a FOIA request to the United States Department of Justice seeking information regarding surveillance of three properties owned by Stimac; and information regarding a contract to purchase information and payment of a lump sum therefor to the kidnapping victim. The Department of Justice responded to the request, informing Stimac that no criminal division records requested by Stimac had been located. One document was found which originated with another government agency, and the request was referred to that agency.
 
 
 4
 Stimac filed this FOIA and civil rights action to compel production of the requested documents, seeking $1 million in actual damages, and $1 million in punitive damages under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).
 
 Discussion
 
 5
 Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Summary judgment is proper in a FOIA case where the government has demonstrated that it has conducted a search reasonably calculated to uncover all relevant documents. Miller v. United States Dept. of State, 779 F.2d 1378 (8th Cir.1985); Weisberg v. United States Department of Justice, 705 F.2d 1344 (D.C.Cir.1983). The sufficiency of the search is measured by a standard of reasonableness. Weisberg, 705 F.2d at 1351. See also Pollack v. United States Bureau of Prisons, 879 F.2d 406 (8th Cir.1989). An agency may prove the reasonableness of its search through affidavits from responsible agency officials, as long as such affidavits are relatively detailed, nonconclusory, and submitted in good faith. Pollack, 879 F.2d at 409.
 
 
 6
 Stimac contends that it was error to enter summary judgment in favor of defendant where the record shows that defendant's search was not reasonably calculated to uncover all relevant documents since defendant failed to perform an adequate search. Stimac asks that defendant furnish him with "affidavits establishing [that] the FBI, DEA, INS, United States Attorney's Office for the corresponding districts, Executive Office for United State's Attorneys (EOUSA), the Organized Crime and Racketeering Section in Washington, D.C. and the field offices of the Organized Crime and Racketeering Strike Force are not in possession of the requested information." Defendant maintains that the undisclosed document regarding the government's surveillance of Stimac would "clearly reflect the alleged kidnapped person was not held against her will," and instead was acting as "an agent provocateur."
 
 
 7
 The government submitted a detailed affidavit of Marshall R. Williams, Senior Attorney-Advisor for the Department's Information Services Unit, attesting to the relevant facts. Initially, the Department of Justice assisted Stimac in completing a proper request under the FOIA. Stimac indicated which of the Department's systems he wished to have searched. A Department of Justice search revealed no criminal division records which would fall within the indexes of all criminal division systems which plaintiff requested. One record was located with the Bureau of Alcohol, Tobacco and Firearms (BATF), and the request was referred to BATF for processing. The Department of Justice informed plaintiff of the search results, and of the referral to BATF.
 
 
 8
 The FOIA was not intended to function as a private discovery tool, and the Act does not require government agencies to create records that do not exist. DeBold v. Stimson, 735 F.2d 1037, 1041 (7th Cir.1984); Borom v. Crawford, 651 F.2d 500, 502 (7th Cir.1981). Stimac bears the burden of rebutting the Department's evidence of the reasonableness of its search by showing that the search was not in good faith. Miller, 779 F.2d at 1381. Nothing in the record indicates the Department of Justice acted in bad faith, or that Williams' affidavit is a sham.
 
 
 9
 Stimac also contends that the district court erred in refusing to address count II of the complaint, which alleged that defendant's fraudulent concealment of the requested information was deliberate and malicious. The civil rights claims are intertwined with the FOIA claim. The district court properly found that these allegations were moot based on the court's finding that defendant had complied with Stimac's FOIA request, and that no active concealment occurred.
 
 
 10
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 In Stimac v. Department of Justice, No. 88-2655 (7th Cir. Nov. 2, 1990), this court found that Stimac had engaged in a pattern of filing frivolous suits that overlapped and duplicated one another. We entered an injunction requiring Stimac to take certain steps before filing new cases. We have not required Stimac to comply with the injunction in suits which he filed prior to the entry of our injunction. Nevertheless, we warn Stimac that in all other actions filed in the district court or in this court, the injunction will be strictly enforced. See Stimac v. United States, No. 91-3158 (7th Cir. filed Dec. 23, 1992) (unpublished order)