**Harold J. LEDBETTER, Wanda M. Ledbetter, and Clendon Ledbetter, Plaintiffs,**

v.

**INTERNAL REVENUE SERVICE, United States of America, Defendant.**

No. 02–CV–453–H.

United States District Court, N.D. Oklahoma.

Sept. 9, 2003.

Francis Eugene Hough, Scott A. Been, Legacy Law Center PC, Tulsa, OK, for Plaintiffs.

Harold J. Ledbetter, Owasso, OK, Pro se.

Wanda M. Ledbetter, Owasso, OK, for Pro se.

Clendon Ledbetter, Owasso, OK, Pro se.

Cathryn Dawn McClanahan, United States Attorney, Tulsa, OK, Beatriz T. Saiz, US Dept. of Justice, Washington, DC, for Defendant.

## *ORDER*

HOLMES, District Judge.

This matter comes before the Court pursuant to Plaintiffs' motion for summary judgment (Docket No. 40), filed February 18, 2003; Defendant's motion for summary judgment (Docket No. 42), filed February 20, 2003; and Plaintiffs' motion for leave to amend their complaint (Docket No. 47), filed February 27, 2003. For the reasons set forth below, Plaintiffs' motion for summary judgment is hereby denied; Defendant's motion for summary judgment is

hereby granted; and Plaintiffs' motion for leave to amend their complaint is hereby denied.

## I

Plaintiffs filed a Complaint for Declaratory and Injunctive Relief on June 10, 2002, requesting certain information and documents from the Internal Revenue Service ("IRS") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552(a). Plaintiffs' suit relates solely to a FOIA/Privacy Act request submitted to the IRS in March of 2002.[1]

On August 9, 2002, the Court held a status conference, at which the Court ordered that if full and complete production of documents remained unresolved by August 26, 2002, the matter would be referred to Magistrate Judge Sam A. Joyner for resolution. On August 26, 2002, the parties submitted a report, indicating that the matter was not resolved and the Court referred the matter to Magistrate Judge Joyner.

At a hearing held by Magistrate Joyner on November 13, 2002, Judge Joyner ordered the IRS to produce to Plaintiffs certain specific documents, listed by Plaintiffs, by December 13, 2002. By letter dated December 10, 2002, the attorney for the United States forwarded to counsel for Plaintiffs a response to each item listed by Plaintiffs. In February 2002, in compliance with the Court's dispositive motion filing deadline, the parties filed cross motions for summary judgment. Plaintiffs allege that the IRS failed to adequately search for and release all documents responsive to Plaintiffs' FOIA request, while Defendant claims its agents have conducted an adequate search and have released all responsive documents in its possession.

On March 28, 2003, the Court held a hearing on the motions for summary judgment. Upon review of the affidavits of the IRS agents and certain notes and documents turned over to Plaintiffs, the Court determined that there were gaps in the information provided by the IRS and ordered the IRS to fill in those gaps. Specifically, the Court ordered IRS agents Tina Twilley, Kristine Roberson, and Robert Adams to submit more comprehensive statements of their efforts and ordered the IRS to conduct an additional search for a manual requested by Plaintiffs which the IRS claimed could not be located. The Court anticipated that, upon such submissions, the matter could be resolved.

On May 5, 2003, the parties submitted a joint report to the Court. The report indicated that the additional affidavits merely reiterated the IRS' position that all documents in the possession of the IRS had been produced and that the manual requested had been made "obsolete" and could not be produced. Based on the report, it was clear the matter had not been resolved. The parties requested an additional summary judgment hearing, or, in the alternative, requested that the Court rule on the motion for summary judgment on the documents and briefs currently before the Court.

On August 6, 2003, the Court held a second summary judgment hearing, at which the Court heard arguments on the motions. Plaintiffs' counsel stated he had recently received the manual pursuant to a discovery request in a different, but related, case. The Court, therefore, inquired regarding the IRS' representation to the Court that the manual had become obsolete, and ordered the parties to look further into this matter and submit a report to the Court no later than August 25, 2003.

---

**1.** Count II of Plaintiffs' Complaint, which related to a different request submitted in June of 2001, was dismissed on November 15, 2002.

On August 22, 2003, the parties submitted a joint report to the Court indicating that Plaintiffs' counsel was mistaken at the hearing about receiving the manual. Although the manual received had the same title as the one requested, it was not the same manual.

Pursuant to such submission and having thoroughly reviewed all briefs and documentation before the Court, as well as having inquired extensively at the various proceedings in this matter, the Court is prepared to rule on the pending motions in this case based on the IRS' efforts to produce the information requested by Plaintiffs.

## II

■ As an initial matter, the Court, in its discretion, denies Plaintiffs' leave to amend their complaint to add a count related to a request in September of 2002. As indicated by the Court at the hearing held March 28, 2003, the Court finds that the request to amend the complaint, which was made after the dispositive motion filing deadline and after all the discovery in this case took place, would cause an undue delay in the termination of the litigation. At the time the request was made, dispositive motions had just been filed and discovery was complete, save the additional discovery and submission of documents based on the Court's above-referenced concerns. The Court finds that the ends of justice would not be served by granting leave to amend the complaint. *See Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991) (untimeliness alone may be sufficient basis to deny leave to amend).

## III

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a court shall grant summary judgment if the pleadings together with the evidence in the case "show that there is no genuine issue as to any material fact and that the moving par-

ty is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the initial responsibility of demonstrating the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party properly supports a motion for summary judgment, the burden of proof shifts to the non-moving party, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his pleadings." *Id.* at 248, 106 S.Ct. 2505.

Virtually all FOIA cases are resolved by summary judgment. *See Manna v. United States Dept. of Justice*, 832 F.Supp. 866, 870 (D.N.J.1993), *aff'd* 51 F.3d 1158 (3d Cir.), *cert. denied*, 516 U.S. 975, 116 S.Ct. 477, 133 L.Ed.2d 405 (1995). Summary judgment may be granted solely on the basis of agency affidavits if they are "sufficiently detailed and are submitted in good faith." *Manna*, 832 F.Supp. at 870.

■ To prevail in a FOIA/Privacy Act suit, the defendant agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Miller v. U.S. Department of State*, 779 F.2d 1378, 1383 (8th Cir.1985). The agency is therefore under a duty to conduct a "reasonable" search for responsive records using methods which can be reasonably expected to produce the information requested to the extent they exist. *See Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir.1995); *Patterson v. IRS*, 56 F.3d 832, 841 (7th Cir.1995); *SafeCard Services, Inc. v. SEC*, 926 F.2d

1197, 1201 (D.C.Cir.1991); *Oglesby v. United States Dep't of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990); *Zemansky v. United States EPA,* 767 F.2d 569, 571 (9th Cir. 1985).

■■■ With respect to the adequacy of the search, the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but whether the search was adequate. *See Citizens Comm'n,* 45 F.3d at 1328; *Miller,* 779 F.2d at 1383, *Pollack v. Bureau of Prisons,* 879 F.2d 406, 409 (8th Cir.1989); *Zemansky,* 767 F.2d at 571. Agency affidavits must be relatively detailed, nonconclusory, and submitted in good faith. *See Pollack,* 879 F.2d at 409; *Goland v. CIA,* 607 F.2d 339, 352 (D.C.Cir.1978). The trial judge may then rely on the affidavits to determine whether an agency has met its burden of proof. *See Davis v. CIA,* 711 F.2d 858, 860 (8th Cir.1983). The declaration submitted is to be accorded a "presumption of good faith which cannot be rebutted by 'purely speculative claims about the existence ... of other documents.'" *See SafeCard Serv.,* 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc. v. CIA,* 692 F.2d 770, 771 (D.C.Cir.1981)).

■■ The Court finds that the IRS' efforts in this case are as follows. The IRS submitted a detailed declaration from its senior disclosure officer in Oklahoma City who was responsible for processing and responding to FOIA requests. The declaration of Diane Upshaw, the senior disclosure officer in Oklahoma City, specifically outlines the disclosure office's efforts to locate documents responsive to Plaintiffs' request. First, the disclosure office retrieved the IDRS Individual Master File transcripts pertaining to Plaintiffs as they had requested. (Decl. of Diane Upshaw ¶ 4.) The transcripts retrieved were in three forms—the literal form, the complete form, and the specific form. Second, Ms. Upshaw contacted the Austin Service Center (the central filing location of documents for Oklahoma taxpayers) and requested any files regarding Plaintiffs. (Decl. of Diane Upshaw ¶ 4.) Since Plaintiffs were requesting trust documents, Ms. Upshaw contacted Kristine Roberson, the Trust Coordinator of Oklahoma City and requested from her any responsive documents. (Decl. of Diane Upshaw ¶ 5.) Fourth, Ms. Upshaw also secured Plaintiffs' files from the Examination Division, Collection Division, and Appeals Division of the IRS. (Decl. of Diane Upshaw ¶ 5.) Finally, since Plaintiffs requested documents related to them from Area Manager Linda Short, Revenue Agent Tina Twilley, and Revenue Officer Robert Adams, Ms. Upshaw instructed these individuals to search for records pertaining to Plaintiffs. (Decl. of Diane Upshaw ¶ 6.) On May 31, 2002, all responsive documents were released to Plaintiffs including two training manuals—a total of 458 pages. (Decl. of Diane Upshaw ¶ 7.) On June 11, 2002, the disclosure office released another training manual to Plaintiffs which had been temporarily unavailable. (Decl. of Diane Upshaw ¶ 7.)

In July, after Plaintiffs had filed this suit, Plaintiffs informed the Court and opposing counsel that all responsive documents had not been released. (Decl. of Diane Upshaw ¶ 9.) Ms. Upshaw did a further search and on August 22, 2002, the Trust Coordinator of Oklahoma City informed Ms. Upshaw that additional files pertaining to Plaintiffs had been located at the Austin Service Center. (Decl. of Diane Upshaw ¶ 10.) These documents—a total of 1,604 pages were not previously available and were released to Plaintiffs in full on August 29, 2002. (Decl. of Diane Upshaw ¶¶ 10, 11.)

On December 2, 2002, an additional 353 pages were located by the Trust Coordina-

tor. (Decl. of Diane Upshaw ¶ 12.) These documents, which were mostly duplicates of previously released pages, were released in full to Plaintiffs on December 6, 2002. The delay in locating and producing all responsive documents was due in part to various requests concerning the Ledco Trust and the Ledbetter Family Trust made by Plaintiffs near the time of Plaintiffs' FOIA/Privacy Act Request. (Decl. of Diane Upshaw ¶ 13.) For instance, a request was made to the Taxpayer's Advocate Office related to these two trusts and thus the Taxpayer's Advocate Office's file was not initially available for disclosure. (Decl. of Diane Upshaw ¶ 13, Exh. 2.) In sum, a total of 2,415 pages were released in full to Plaintiffs. (Decl. of Diane Upshaw ¶ 14.) Therefore, the declaration demonstrates that the IRS has searched for responsive documents in the corresponding service center, three different division, including Examination, Criminal Investigation, and Collection, with the trust coordinator, and three individuals to Plaintiff's request.

In addition to the initial search described above, the IRS performed additional searches for responsive documents and submitted supplemental affidavits from various IRS agents, as ordered by the Court at the hearings held March 28, 2003 and August 6, 2003.

Based upon the several searches described above, the undisputed declarations and affidavits currently before the Court from various IRS officials, as well as the Court's questioning of counsel for the IRS at the hearings held on this matter, the Court finds that the search conducted by the IRS was adequate under applicable law. Although the Court had initial concerns with respect to certain aspects of the declarations and submissions of the IRS in this case, the Court is convinced, at this point in the litigation, that more than reasonable efforts have been made to search for and turn over all documents responsive to Plaintiffs' March 2002 FOIA request. The Court seriously addressed all concerns asserted by Plaintiffs regarding the IRS' search in this case and finds that the IRS has complied with its duties under the FOIA and the Privacy Act, has conducted an adequate and reasonable search, and has submitted the documents in its possession that are responsive to Plaintiffs' request.

## IV

For the reasons set forth above, Defendant's motion for summary judgment (Docket No. 40) is hereby granted and Plaintiffs' motion for summary judgment (Docket No. 42) and motion for leave to amend their complaint (Docket No. 47) are hereby denied.

IT IS SO ORDERED.

### *JUDGMENT*

This matter comes before the Court on Plaintiffs' motion for summary judgment (Docket No. 40), filed February 18, 2003, and Defendant's motion for summary judgment (Docket No. 42), filed February 20, 2003. The Court duly considered the issues and rendered a decision in accordance with the order filed on September 9, 2003.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that judgment is hereby entered for Defendant Internal Revenue Service and against Plaintiffs Harold J. Ledbetter, Wanda M. Ledbetter, and Clendon Ledbetter.

IT IS SO ORDERED.