**Douglas G. HOUSLEY, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. 87–3427.**

United States District Court, District of Columbia.

June 29, 1988.

**4**

Douglas G. Housley, Terre Haute, Ind., pro se.

Edward J. Snyder, Delores Dillman, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This Freedom of Information Act (FOIA), 5 U.S.C. § 552, suit comes before the Court on defendant Internal Revenue Service's (IRS) motion for summary judgment. Pro se plaintiff Housley seeks release of portions of an IRS investigatory file withheld under FOIA Exemptions 3, 6 and 7(C). 5 U.S.C. §§ 552(b)(3), (6), (7)(C). The sole issue in this case is the applicability of these exemptions to the information withheld. This issue has been fully briefed and considered.

The information sought by Housley is contained in an IRS file entitled Inspection Report of Investigation number 7–02–86–0072. The report contains information about the alleged misconduct of IRS Spe-cial Agent Hageman during an investigation of Housley. Housley initially requested this information under FOIA by letter dated September 17, 1987. On October 15, 1987, the IRS responded to Housley's request but released only part of the file, the remainder being withheld pursuant to Exemption 7(C). Housley then filed this action seeking release of the undisclosed documents. Subsequently, on January 27, 1988, all of the documents contained in the file were released to the plaintiff; however, portions of the documents disclosed were redacted and the IRS claimed that Exemptions 3, 6 and 7(C) preclude release of this redacted information.

Exemption 3 permits the withholding of information prohibited from disclosure by statute. Under this exemption, the IRS has withheld from disclosure information concerning the fact of filing and the potential audit of tax returns of taxpayers other than Housley. Section 6103(a) of the Internal Revenue Code, 26 U.S.C. § 6103(a), prohibits disclosure of such information except as authorized by the taxpayer. The IRS has no record of having received consent from the third-party taxpayers involved authorizing disclosure and, therefore, this information was properly withheld under Exemption 3.

The IRS also withheld, pursuant to Exemption 6, Special Agent Hageman's date of birth and social security number. Housley states that he no longer seeks this particular information, having already obtained it from other sources. Accordingly, the issue of the disclosure of this specific information is moot.

Exemption 7 protects documents compiled for law enforcement purposes. To establish that a document falls within this exemption, the agency must first demonstrate that (1) the investigatory activities of the agency which gave rise to the documents sought are related to the enforcement of federal laws; and (2) the nexus between the investigation and one of the agency's law enforcement duties is based on information sufficient to support at least a "colorable claim" of its rationality. *Pratt v. Webster*, 673 F.2d 408, 420–421

(D.C.Cir.1982). The file at issue in this case was compiled as the result of an investigation of Special Agent Hageman, after he was accused of misconduct which, if proved, could have resulted in civil or criminal sanctions under federal law. Thus this file is related to the enforcement of federal laws, and there is sufficient nexus between the IRS' investigation and its law enforcement duties.

Exemption 7(C) prevents the disclosure of investigatory records compiled for law enforcement purposes to the extent that they could reasonably be expected to constitute an unwarranted invasion of privacy. Here, the IRS has invoked this exemption to protect from disclosure information including: unsubstantiated rumors regarding the conduct of a person other than Housley or Special Agent Hageman; opinions of co-workers and supervisors concerning Special Agent Hageman's conduct; and the consideration of potential work assignments for Special Agent Hageman.

 Individuals who may have at one time been of investigatory interest to a law enforcement agency fall within Exemption 7(C). *Fund for Constitutional Government v. National Archives and Records,* 656 F.2d 856, 862–863 (D.C.Cir.1981). Third parties whose names appear in investigatory files also have the protection of this exemption. *Lesar v. United States Dep't of Justice,* 636 F.2d 472, 487–488 (D.C.Cir.1980). The agency must weigh the invasion of privacy against the asserted public interest which is claimed to warrant disclosure. *Id.* at 488. "In this weighing process, ... it is the interest of the general public and not that of the private litigant that must be considered." *Brown v. FBI,* 658 F.2d 71, 75 (2d Cir.1981) (citation omitted).

 The privacy interests at stake here are substantial. The disclosure of unsubstantiated rumors regarding the conduct of a person other than Housley or Special Agent Hageman could subject that person to embarrassment or possibly more severe harm to his reputation. *See Fund for Constitutional Government,* 656 F.2d at 863–865. As for the co-workers and super-

visors who voiced opinions concerning Special Agent Hageman's conduct, they also have a substantial interest in seeing that their participation in the investigation remains secret. *See Bast v. Dep't of Justice,* 665 F.2d 1251, 1254 (D.C.Cir.1981); *Lesar,* 636 F.2d at 488. Finally, the information regarding the suitability of Special Agent Hageman for various work responsibilities obviously implicates a legitimate privacy interest of that individual.

On the other side of the balance, Housley has not adequately supported his "public interest" claim with respect to the specific information being withheld. This Court, in evaluating the IRS' (7)(C) claims, must "weigh[ ] the specific privacy invasion against the value of disclosing a given document." *Bast,* 665 F.2d at 1254, *citing Common Cause v. National Archives and Records,* 628 F.2d 179, 184 (D.C.Cir.1980). In counterbalance to the legitimate and substantial privacy interests the IRS has presented, Housley points to no more than the general presumption of public disclosure under FOIA. However, under (7)(C), this interest is not in and of itself sufficient to outweigh the significant and legitimate privacy concerns identified by the IRS.

Accordingly, defendant's motion for summary judgment is granted and plaintiff's complaint is dismissed with prejudice.