David MISCAVIGE, Plaintiff–Appellant,

v.

INTERNAL REVENUE SERVICE,
Defendant–Appellee.

No. 92–8659.

United States Court of Appeals,
Eleventh Circuit.

Sept. 17, 1993.

Kendrick L. Moxon, Bowles & Moxon, Hollywood, CA, for plaintiff-appellant.

Sharon D. Stokes, Asst. U.S. Atty., Atlanta, GA, Gary L. Allen, Chief, Murray S. Horwitz, Brian C. Griffin, Jonathan S. Cohen, Appellate Division, U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before BLACK and CARNES, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

David Miscavige sued the Internal Revenue Service ("IRS") to enjoin them from withholding records concerning himself that he had sought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The IRS claimed that the documents were within various statutory exceptions to FOIA and submitted affidavits saying so. Miscavige argued that the affidavits were insufficient to establish the documents' exemption and that the IRS had to submit a Vaughn Index to the district court or allow the court to con-

duct an *in camera* review of the documents. The district court found the affidavits sufficient and granted summary judgment to the IRS. Miscavige appealed.

■ Since we affirm the decision that the affidavits are sufficient factually to carry the government's burden of proof, we are faced with the question of whether this Circuit has adopted a per se rule requiring a so-called Vaughn Index or an *in camera* inspection of the documents in every FOIA case so that affidavits, regardless of their content, are insufficient. We think not, and therefore affirm the decision of the trial court denying relief without a *Vaughn* Index or an in camera inspection. We further hold that the court did not err in denying leave to take discovery depositions.

■ Freedom of Information Act cases are peculiarly difficult. As a general proposition, a person is entitled to access to government records about himself or herself unless the records are exempt. Some exemptions turn on protected information contained in the records. But the information in the records or documents that requires the government to withhold them cannot be made known to the citizen seeking access, who therefore can never accurately make a judgment that such records are in fact exempt. To accommodate this problem certain procedures have been worked out.

■ Once a person has shown that the government has records that should be produced under the FOIA, absent an exemption, the burden of proof is on the government to establish that a given document is exempt from disclosure. *United States Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 755, 109 S.Ct. 1468, 1472, 103 L.Ed.2d 774 (1989). In reviewing determinations by the district court under FOIA, we must decide whether the district court had an adequate factual basis to render a decision that is not clearly erroneous. *Stephenson v. IRS*, 629 F.2d 1140, 1144 (5th Cir.1980).

Shortly after this suit commenced and before an answer was filed, the plaintiff filed a motion to require the government to submit a *Vaughn* Index. This is a detailed index showing justification for withholding each document. *Vaughn v. Rosen*, 484 F.2d 820 (D.C.Cir.1973), *cert. denied*, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), *on appeal from remand*, 523 F.2d 1136 (D.C.Cir.1975). The government opposed the motion on the grounds that a *Vaughn* Index is expensive, would not be needed if the affidavits are sufficient, and was, in any event, premature. The court denied the motion without citing a reason.

Subsequently, the district court granted summary judgment in the government's favor, finding that the documents at issue were properly withheld. In granting summary judgment, the court relied solely upon the declarations contained in various affidavits submitted by IRS officers, agents, and attorneys. In particular, the court relied upon the declaration and supplemental declaration of IRS attorney Julie Schwartz, which enumerated the withheld documents and stated the statutory basis for each withholding.

The first question then is whether affidavits can *never* furnish an adequate factual basis for a decision that documents are exempt under FOIA. It is well established in this Circuit that in most situations blanket objections and mere conclusory allegations or affidavits will not suffice for disposition of FOIA claims. *Stephenson v. IRS*, 629 F.2d at 1144, fn. 9.

There are some opinions in this Circuit that contain language suggesting that affidavits alone may never suffice. The question is whether these are holdings by which this panel is bound, or either dictum or decisions based on the distinctive facts of the case under consideration. Upon review of the pertinent cases, it appears that they fall within the latter categories.

In *Currie v. I.R.S.*, 704 F.2d 523 (11th Cir.1983), we upheld the denial of relief on the basis of affidavits, rejecting the necessity of a *Vaughn* Index. In that case, however, the district court made an *in camera* inspection of the documents. In fact, Judge Kravitch concurred in the failure to require a *Vaughn* Index only "in light of *in camera* inspection of all relevant documents." *Id.* at 532. It cannot be said with certainty, howev-

er, what the court would have done if the trial court had relied only on affidavits that set forth sufficient facts to support its finding the documents were exempt.

In *Ely v. F.B.I.*, 781 F.2d 1487 (11th Cir. 1986), the court stated that "an agency must, at a minimum, submit to either of two methods of review by the district court in order to determine if the claim of privilege is properly made." The court then discussed *in camera* review and the *Vaughn* Index. That case cannot be deemed to be binding authority that affidavits will never be sufficient, however, because the district court there "required no *Vaughn* Index, no *in camera* inspection, no hearing, not even the filing of an affidavit to support the government's claim." *Id.* at 1494.

In *Stephenson v. IRS*, 629 F.2d 1140, 1144 (5th Cir.1980), the court, noting the authority which holds that "resort to *in camera* review is discretionary . . . as is resort to a *Vaughn* index," nevertheless held in that case that a *Vaughn* Index was required. The court noted that "where records do not exist, affidavits are probably not only sufficient but possibly the best method of verification. However, once it is established that records and documents are in possession of the governmental agency, more is required." *Id.* at 1145. *Stephenson* cannot have held that affidavits alone will always be insufficient because the affidavits in that case were clearly insufficient. Counsel for the IRS (who also is counsel for the IRS in the instant appeal) had admitted that the district court's finding of exemption had an inadequate basis and was therefore clearly erroneous. *Id.* at 1144, fn. 10. The court concluded that the district court had been "led astray in its determination by factual conclusions founded in an affidavit which described the withheld documents in fairly detailed but generic terms." *Id.* at 1145. No such situation is present here.

Only in a case where the affidavits are specific and detailed enough to provide the necessary information, but there was no *Vaughn* Index or *in camera* review, could a panel decision establish a rule that affidavits alone are insufficient.

■ Absent a binding decision holding otherwise, we hold that in certain cases, affidavits can be sufficient for summary judgment purposes in an FOIA case if they provide as accurate a basis for decision as would sanitized indexing, random or representative sampling, *in camera* review, or oral testimony. *Dept. of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). *See Vaughn v. United States*, 936 F.2d 862, 867, 869 (6th Cir.1991).

Given that affidavits *can* be used to meet the government's burden, the next question is whether the affidavits here contain sufficient information or whether a *Vaughn* Index or an *in camera* inspection should have been required. The government has furnished this court with sample *Vaughn* Indexes it prepared in other cases, and we conclude, upon examining those materials, that a *Vaughn* Index in this case would not be of particular help to the court in making its decision. *Vaughn* Indexes are most useful in cases involving thousands of pages of documents. The number of documents in question here, however, never exceeded more than 231, excluding the 208 pages that the district court correctly held are outside of the request, and on this appeal, number only about 50.

Moreover, under the circumstances presented in this case, although an *in camera* inspection of the documents by the trial court would have furnished further support for the trial court's decision, we cannot hold there was reversible error in failing to conduct such an inspection. We suggest that when there are so few documents involved, an *in camera* inspection might be the preferred procedure, but it is discretionary and not required, absent an abuse of discretion.

A close examination of the supporting affidavits submitted by Julie Schwartz shows that her declarations are highly detailed, focus on the individual documents, and provide a factual base for withholding each document at issue. We are convinced therefore that the district court had an ample factual base and was not clearly erroneous in finding that the documents withheld were exempt under the applicable provisions of the FOIA.

The court's denial of discovery and leave to plaintiff to take the deposition of IRS agents was within the discretion of the court. Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified. The plaintiff's early attempt in litigation of this kind to obtain a *Vaughn* Index and to take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions.

AFFIRMED.