Donato **CAPPABIANCA**, Plaintiff,

v.

**COMMISSIONER, UNITED STATES CUSTOMS SERVICE,** Defendant.

No. 93–671–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

March 7, 1994.

William F. Jung, Black & Jung, P.A., Tampa, FL, for plaintiff.

Glenda Drinkahn, U.S. Customs Service, SE Regional Counsel's Office, Miami, FL, and Elizabeth A. Pugh and David O. Buchholz, U.S. Dept. of Justice, Civ. Div., Washington, DC, for defendant.

## ORDER ON PLAINTIFF'S AND DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR IN CAMERA REVIEW

KOVACHEVICH, District Judge.

This cause is before the Court on the following pleadings: Defendant's Motion for Summary Judgment, and its Memorandum of Law (Docket Nos. 15 and 16); and Plaintiff's Motion for Summary Judgment, and Memorandum and Affidavit for Summary Judgment, (Docket Nos. 22 and 23); and Plaintiff's Response to Defendant's Summary Judgment Motion, (Docket No. 26). Pursuant to Federal Rule of Civil Procedure 56, each party alleges there is no genuine issue as to any material fact, and he is entitled to judgment as a matter of law.

## I. BACKGROUND

Plaintiff Donato Cappabianca is an employee of Defendant United States Customs Service ("Customs"). In 1992, Plaintiff was assigned to the Sarasota RAC office after an internal investigation at that office, which led to the indictment of an employee. Subsequently, but also in 1992, Customs conducted an internal investigation of allegations that Plaintiff and other employees had harassed and retaliated against certain employees who cooperated in the first investigation. These allegations were investigated, found to be without merit, and no adverse disciplinary action or charges were brought against Plaintiff, although Plaintiff does contend he was removed from his supervisory position.

In this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), Plaintiff seeks the records of Defendant's investigation of Plaintiff. In response to Plaintiff's requests, Defendant has provided eleven of fourteen requested documents in redacted form and completely withheld three documents, pursuant to FOIA exemptions he believed applicable.

### A. Defendant's Allegations

Defendant alleges that the materials it has withheld from Plaintiff, or provided in redacted form, are exempt from disclosure under FOIA Exemptions 2, 5, 6, 7(C) and 7(D). 5 U.S.C. § 552(b)(2), (b)(5), (b)(6), (b)(7)(C) and (b)(7)(D). Defendant has provided an index of documents which, for each of the first ten documents withheld or redacted, lists the document type and description of its contents, its date, the exemptions applied, and a summary of the type of information redacted, or the reason for complete withholding of the document. Additionally, Defendant's actions are described in narrative form through the Declaration of Kathryn C. Peterson (Docket No. 17), who is Chief of the Disclosure Law Branch, International Trade Compliance Division, Office of Regulations and Rulings, United States Customs Service.

Defendant requests summary judgment on the basis that there are no material facts at issue, and as a matter of law, it has correctly applied the FOIA exemptions it claimed.

### B. Plaintiff's Allegations

Plaintiff alleges that Defendant has administered the exemptions in an overbroad manner, contrary to the required narrow construction that favors disclosure. Plaintiff further alleges that all the requested documents are in his personnel file, and that there can be no privacy interest in these records, except Plaintiff's own. Plaintiff also

alleges that this Court, in order to fulfill its responsibility of a *de novo* review of the exemptions, must examine the unredacted documents *in camera.*

Plaintiff requests summary judgment on the grounds that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law because the FOIA exemptions Defendant claims are inapplicable and/or applied in an overbroad manner. He seeks release of the documents in their entirety or, in the alternative, in a less redacted form.

## III. ANALYSIS

### A. Standards and Methods of Review

■ Summary judgment should be granted where "the pleadings ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed.R.Civ.P. 56(c). Summary judgment is appropriate in FOIA cases unless there is a dispute as to key factual premises underlying a determination of consequences of releasing information. *Alyeska Pipeline Service Co. v. United States EPA,* 856 F.2d 309, 313 (D.C.Cir. 1988). The Eleventh Circuit has noted that once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment. *Miscavige v. Internal Revenue Service,* 2 F.3d 366, 369 (11th Cir.1993).

The general rule of availability of records under FOIA is that a properly made request for reasonably described records shall be complied with, unless those records are subject to enumerated exemptions. 5 U.S.C. § 552(a)(3), 552(b). On complaint of misuse of exemptions of FOIA, the District Court has jurisdiction to determine the matter *de novo,* and is permitted, but not required, to examine the documents *in camera.* 5 U.S.C. § 552(a)(4)(B); *Miscavige,* 2 F.3d at 368.

■ The burden of proof is on the agency as to whether the withholding of documents or portions thereof under an exemption is permitted. 5 U.S.C. § 552(a)(4)(B). *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 755, 109 S.Ct. 1468, 1472, 103 L.Ed.2d 774 (1989). The determination of whether the agency has met its burden is difficult, so several tools have been developed to aid the courts. Available methods for determination include a *Vaughn* index, *ex parte in camera* review of the requested documents in their unredacted form, or fact-specific affidavits of the parties. The trial court *must* find an adequate factual basis to support a finding of privilege, but the use of the described methods is discretionary. *Ely v. Federal Bureau of Investigation,* 781 F.2d 1487, 1491 (11th Cir.1986).

### B. *In Camera* Review

■ In this case, Plaintiff has requested an *in camera* review, and Defendant has submitted an index and affidavit explaining its claims of exemptions. The Eleventh Circuit has adopted the approach used by the D.C.Circuit in *Phillipi v. Central Intelligence Agency,* 546 F.2d 1009 (D.C.Cir.1976), which required the agency to submit a public affidavit explaining the basis of its claim, and held that before resorting to *in camera* review, the "district court should attempt to create as complete a record as is possible." *Ely* at 1493, quoting *Phillipi* at 1013. In *Miscavige,* the Eleventh Circuit held that in certain FOIA cases, affidavits can be sufficient for summary judgment purposes if they provide as accurate a basis for decision as other methods. *Miscavige,* 2 F.3d at 368. The Court found the IRS affidavits in that case sufficient because they were "highly detailed, focus[ed] on the individual documents, and provide[d] a factual basis for withholding each document at issue." *Id.* at 368.

Because Defendant has submitted a detailed affidavit with an index describing the documents, the FOIA exemptions applied, and describing the redacted material, this Court finds the factual basis standard applied by the Eleventh Circuit has been met. This Court therefore declines to complete an *in camera* examination of the documents at issue before making its determination of the parties' Motions for Summary Judgment.

### C. FOIA Exemptions

#### 1. FOIA Exemption 2

■ Exemption 2 provides for withholding of matters which are "related solely to the

internal personnel rules and practices of an agency". 5 U.S.C. § 552(b)(2). Defendant applied this exemption only to Document No. 6, which details the allegations of witnesses in the investigation of reprisal and harassment against them by Plaintiff and others. Exemption 2 was applied to redact the Customs file number in the document heading.

■ Case law construing Exemption 2 has held information such as codes and file numbers exempt from disclosure because that information can provide further information that is nondisclosable, and because the public cannot reasonably be expected to have an interest in such information. In *Dep't of Air Force v. Rose*, the Supreme Court noted that "the general thrust of the exemption is simply to relieve agencies of the burden of assembling and maintaining for public inspection matter in which the public could not reasonably be expected to take an interest." *Dep't of Air Force v. Rose*, 425 U.S. 352, 369, 96 S.Ct. 1592, 1603, 48 L.Ed.2d 11 (1976). The result is that trivial administrative matters of no general public interest have an automatic exemption under the statute, as well as information of which public disclosure would risk circumvention of federal statutes. *Founding Church of Scientology v. Smith*, 721 F.2d 828 (D.C.Cir.1983).

In the instant case, Defendant explains that Customs' file numbers, in addition to providing a storage method, consist of codes containing information such as the type and location of the case. For this reason, disclosure of the file number, if the code were cracked, could reasonably lead to circumvention of the law. Plaintiff has not specifically contested the withholding of the file number.

Based on the foregoing, this Court finds no public interest in the file number, and that its release could lead to circumvention of the law. For this reason, the Customs' file number was properly redacted as a matter of law.

### 2. FOIA Exemption 5

■ 5 U.S.C. § 552(b)(5) allows an agency to withhold inter- or intra-agency memoranda or letters which would not be available by law to a party other than an agency in litigation with the agency. This exemption incorporates into FOIA all the normal civil discovery privileges the government enjoys under relevant statutes and case law. *Nadler v. United States Dep't of Justice*, 955 F.2d 1479, 1490 (11th Cir.1992), *overruled on other grounds by United States Dep't of Justice v. Landano*, — U.S. —, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993), (quoting *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 799, 104 S.Ct. 1488, 1492, 79 L.Ed.2d 814 (1984). The test applied when Exemption 5 is claimed is whether the documents would be routinely or normally disclosed upon a showing of relevance. *Nadler* at 1490.

■ Based on Exemption 5, Defendant withheld information in Document numbers 1 and 6. Both Documents 1 and 6 indicate on their faces that they are intra-agency memoranda. Defendant has not, however, asserted his basis for application of Exemption 5. There is no mention of (b)(5) in Defendant's Motion for Summary Judgment (Docket No. 15), Memorandum of Law in Support of Motion for Summary Judgment (Docket No. 16), Declaration of Kathryn C. Peterson (Docket No. 17), or in the Index of Documents appended to the Motion for Summary Judgment. The two documents themselves, with "b5" marked on otherwise blank areas of pages, are the only indication that Defendant is claiming Exemption 5. Based on these facts, this Court finds as a matter of law that Defendant has not met its burden of proof as to the applicability of Exemption 5, and therefore holds Exemption 5 inapplicable to the documents at issue.

### 3. FOIA Exemption 6

■ Exemption 6 prohibits release of personal, medical and similar files, if the disclosure would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(6). Examination of Exemption 6's application can be divided into two parts: 1) whether the information is contained in a personal, medical or similar file; and 2) if so, the inquiry then turns to whether release of the information would be an invasion of personal privacy, and if that invasion would be clearly unwarranted.

Plaintiff states in his Memorandum and Affidavit for Summary Judgment (Docket No. 23) that the records at issue are in his own personnel file. Defendant, on the other hand, states that they are not personnel or medical files, but they do qualify as "similar files" under *Dep't of State v. Washington Post Co.,* 456 U.S. 595, 102 S.Ct. 1957, 72 L.Ed.2d 358 (1982). In *Washington Post Co.,* the Supreme Court held that the term "similar files" should be broadly construed to protect against disclosure of information about an individual which might harm that individual. *Id.* at 601, 102 S.Ct. at 1961. This Court is satisfied that the documents at issue are either personnel files or similar files. For the purposes of this analysis, the Court finds the determination of which the files are to be unnecessary.

■■■■ In deciding whether disclosure would be a clearly unwarranted invasion of personal privacy, a court must balance the public interest in disclosure against the privacy interest of those individuals mentioned in the records. A private interest in obtaining materials for personal reasons plays no part in the required balancing of interests. Indeed, several courts have noted that FOIA is no substitute for discovery practice, nor do private needs for documents affect determination of whether disclosure is warranted. *See e.g. L & C Marine Transport, LTD. v. United States,* 740 F.2d 919 (11th Cir.1984); *Nix v. United States,* 572 F.2d 998 (4th Cir.1978). For this reason, when a plaintiff seeks release of documents, he is essentially claiming a public interest in those documents.

■■■ A public interest and the basic policy of disclosure "focuses on the citizens' right to be informed "about what their government is up to"". *Reporters Committee,* 489 U.S. at 773, 109 S.Ct. at 1482. There is case law holding that internal investigations involving lower-level employees, or investigations in which no misconduct is found do not implicate a public interest. *Stern v. Federal Bureau of Investigation,* 737 F.2d 84 (D.C.Cir. 1984). In order to compel release of materials, there must be a public interest because "something, even a modest privacy interest outweighs nothing every time." *Nat'l Assoc. of Retired Federal Employees v. Horner,* 879

F.2d 873, 879 (D.C.Cir.1989), rev. den. 494 U.S. 1078, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990).

■■■ The Court finds that there is little, if any, public interest in the information Plaintiff seeks. Plaintiff admitted in his Amended Complaint (Docket No. 5) that he is seeking these documents for aid in pursuing job-related causes of action, and does not assert a public interest in the information he seeks. Plaintiff is not seeking general information about the workings of a government agency, or even general information about this particular investigation. For example, Plaintiff does not seek information that the investigation occurred, or as to whether grounds were found or charges brought. Rather, he is seeking specific information: names and identifying information about witnesses, investigators, and other subjects of the investigation. If a public interest in this material exists, it is minimal.

The privacy interests involved in documents related to investigations are those of the subjects, witnesses, and investigators. These interests include avoiding reprisals and embarrassment caused by association with the investigation, and in keeping personal information private.

■■■ Case law overwhelmingly supports the premise that these individuals have substantial privacy interests. Witnesses and co-workers have legitimate privacy interests in the nondisclosure of their identities and in keeping their participation in an investigation confidential. *KTVY–TV v. United States,* 919 F.2d 1465, 1469 (10th Cir.1990); *Housley v. United States Dep't of Treasury,* 697 F.Supp. 3, 5 (D.C.Cir.1988). These interests also extend to suspects and investigators. *SafeCard Services v. S.E.C.,* 926 F.2d 1197, 1205 (D.C.Cir.1991); *Nix v. United States,* 572 F.2d at 1006. These interests appear especially strong in light of the type of internal investigation that occurred in this case: allegations of harassment and retaliation for cooperation in a prior investigation. Although the allegations were determined to be unfounded, the opportunity for harassment or embarrassment is very strong, should the

identities of those involved in the investigation be released.

A privacy interest does not disappear because an individual's identity may be discovered through other means. *L & C Marine Transp. Co.* 740 F.2d at 922. Furthermore, what constitutes identifying information is weighed both from the public viewpoint, and from the vantage point of those familiar with the mentioned individuals. *Dep't of Air Force v. Rose,* 425 U.S. at 380, 96 S.Ct. at 1608. Relying on *Rose,* the court in *Alirez v. NLRB,* 676 F.2d 423 (10th Cir. 1982), determined that deletion of names and other identifying data would be insufficient where the sanitized documents would still allow identification because Alirez had specific knowledge of the incidents discussed in the documents. The *Alirez* court also noted that to some extent, the court must rely on the agency's determination of what information can be safely released because the agency is in a better position to determine what information would allow identification of individuals to other individuals already possessing relevant knowledge.

Plaintiff contends that the individuals named in the documents he seeks have no privacy interest because he already knows who some of them are. This contention is clearly incorrect under *L & C Marine Transp. Co.,* 740 F.2d 919. Furthermore, based on *Rose, Alirez,* and Plaintiff's own assertions of his knowledge of the individuals and events involved, it is clear that additional caution in redaction was required to prevent release of information to Plaintiff which would further identify these witnesses and their specific statements. Withholding of names only would be insufficient, and their release would amount to a clearly unwarranted invasion of privacy.

For these reasons, the individuals mentioned in the requested documents clearly have a strong privacy interest in keeping their names, identifying information, and personal information private. In weighing the strong privacy interest against any slight public interest in this information, the Court finds as a matter of law that Defendant properly applied FOIA's Exemption 6 to the documents in question.

### 4. FOIA Exemption 7(C)

Exemption 7(C) precludes release of records or information compiled for law enforcement purposes to the extent that production of that information could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C). The analysis differs from that of Exemption 6 only in that a law enforcement purpose is required, and the invasion of personal privacy to justify withholding the information is a lower level, "could reasonably be unwarranted", as opposed to Exemption 6's "would be clearly unwarranted" standard.

The parties in this case disagree as to whether the documents in question were compiled for a law enforcement purpose. Plaintiff contends that the documents themselves show that they were compiled for employment purposes only. For such a determination, labels are not conclusive. Records of an internal investigation are compiled for a law enforcement purpose if they focus specifically on alleged acts that could result in civil or criminal sanctions, if those acts were proved. *Stern,* 737 F.2d at 89. Defendant states that Plaintiff could have been subject to civil sanctions, and Defendant's prior internal investigation led to an indictment. Plaintiff does not comment on whether he could have been subject to sanctions had the allegations been proven.

This Court finds it conceivable that Plaintiff could have been subject to civil and/or criminal sanctions, had the allegations of harassment and retaliation against other employees for their cooperation in an investigation which resulted in indictment been proven. For these reasons, this Court finds the law enforcement purpose met.

Plaintiff implies that Exemption 7(C) is applied only in high-profile type criminal cases, such as protecting witnesses to murder or in grand jury cases. The Eleventh Circuit has, however, applied Exemption 7(C) in other types of cases that are factually more similar to the case at hand. For example, in *L & C Marine Transp. Ltd. v. United States,* 7(C) was applied to protect the identi-

ties of witnesses who made statements in an OSHA investigation of a work-related accident. *L & C Marine Transp. Ltd.,* 740 F.2d 919 (11th Cir.1984). Not only did the court protect the witnesses' identities, but it further noted that witnesses do not lose their privacy interest under 7(C) because their identities may be discovered through other means, and that employee witnesses have substantial privacy interests because of the types of harm disclosure could cause. *Id.* at 922. Under *L & C Marine Transp. Ltd.,* Exemption 7(C) may be applied in the instant case, despite the fact that this is not a high-profile type criminal case.

■■■■■ Once the law enforcement purpose is established, the focus of inquiry turns to a balancing of public interest against the individual privacy interests. Those interests are the same as the interests weighed under Exemption 6. As in the prior analysis under Exemption 6, the interests in the instant case are a slim to non-existent public interest, and substantial privacy interests of the witnesses, investigators and other subjects of the Defendant's internal investigation.

Plaintiff argues, based on *Poss v. NLRB,* 565 F.2d 654 (10th Cir.1977), that his fellow employees have no expectation of privacy. Plaintiff's case is clearly distinguishable from *Poss* in that the plaintiff in that case was not accused by her fellow employees of any wrongdoing, as Plaintiff Cappabianca was, nor was the information apparently provided by those employees relevant to anything but Ms. Poss' termination, unlike the information provided by Plaintiff Cappabianca's co-employees. Furthermore, the Tenth Circuit's rationale was that the names and information could possibly be disclosed if a complaint were actually filed. More recent case law does not allow that consideration to enter the analysis of FOIA exemptions. *See e.g., Dep't of Justice v. Landano,* —— U.S. ——, 113 S.Ct. 2014, 124 L.Ed.2d 84 (1993); *L & C Marine Transp. Co. v. United States,* 740 F.2d 919 (11th Cir.1984).

This Court has already determined under Exemption 6 that the release of the names and identifying information of individuals mentioned in the documents Plaintiff seeks would constitute a clearly unwarranted invasion of personal privacy. The standard under 7(C) is a lesser, included standard of Exemption 6's, so the analysis will not be repeated. For these reasons, this Court finds as a matter of law that Defendant properly applied Exemption 7(C) to withhold and redact information in the documents requested by Plaintiff.

## 5. FOIA Exemption 7(D)

■■■■ Exemption 7(D) allows an agency to withhold records or information compiled for a law enforcement purpose when production of those documents could reasonably be expected to disclose the identity of a confidential source. 5 U.S.C. § 552(b)(7)(D). Defendant applied this exemption to the name and identifying information of one source, which information appeared in six documents. This source is also protected by Exemptions 6 and 7(C).

The law enforcement purpose analysis under Exemption 7(D) is the same as for 7(C) above, and the law enforcement purpose requirement has been met. Once that purpose is established, the only remaining question is whether a given source is confidential.

The Supreme Court has held the only inquiry to be "whether the particular source spoke with an understanding that the communication would remain confidential." *Landano,* —— U.S. at ——, 113 S.Ct. at 2019. The *Landano* court noted that "confidential" does not necessarily mean completely secret, but that a statement may still be made in confidence when the speaker knows it will be shared with limited others. *Id.,* —— U.S. at ——, 113 S.Ct. at 2020. Application of *Landano* to a case where a witness agrees to give full cooperation only after receiving an express assurance of confidentiality and "no leaks", clearly leads to the conclusion that this witness is a confidential source. Because the law enforcement purpose exists, and this source is confidential, this Court finds as a matter of law that Defendant properly applied Exemption 7(D) to withhold the name and identifying information of this witness.

## III. CONCLUSION

This Court is satisfied that Defendant has met its burden of proof as to the applicability of FOIA Exemptions 2, 6, 7(C) and 7(D), and has provided Plaintiff with the reasonably segregable information in the documents to which those exemptions apply.

The Court is equally satisfied that Defendant has not met its burden of proof as to the applicability of FOIA Exemption 5. Accordingly, it is

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 15) be GRANTED as to Documents 2–5, 7–14, and those portions of Documents 1 and 6 to which an exemption other than Exemption 5 applies, and it is

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 22) be GRANTED as to the portions of Documents 1 and 6 for which Exemption 5 was the only claimed exemption, and otherwise DENIED.

DONE AND ORDERED.