**Michael J. O'KANE, Plaintiff–Appellant,**

v.

**UNITED STATES CUSTOMS SERVICE, Defendant–Appellee.**

No. 97–5852
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 16, 1999.

---

5. Defendant denied sending pictures depicting   children engaged in sexual acts.

Carole M. Fernandez, Eduardo I. Sanchez, Adalberto Jordan, Evelio J. Yera, Asst. U.S. Attorneys, Miami, FL, Steve Frank, Leonard Schaitman, U.S. Dept. of Justice, Civil Div., Appellate Staff, Washington, DC, for Defendant–Appellee.

Before HATCHETT, Chief Judge, and CARNES and HULL, Circuit Judges.

PER CURIAM:

Appellant Michael O'Kane appeals the grant of summary judgment in favor of the U.S. Customs Service in his case under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. We affirm.

▉ We review a district court's grant of summary judgment *de novo*. *See Parks v. City of Warner Robins, Ga.*, 43 F.3d 609, 612–13 (11th Cir.1995). We review district court determinations under FOIA for clear error. *See Miscavige v. I.R.S.*, 2 F.3d 366, 367 (11th Cir.1993).

Having reviewed all relevant documents in the district court and the briefs of the parties and *amicus curiae* on appeal, we conclude that the district court's determination under FOIA was not clearly erroneous, and that it correctly granted summary judgment in favor of the U.S. Customs Service.

▉ O'Kane argues first that the U.S. Customs Service, pursuant to FOIA, should disclose the addresses of individuals whose possessions it seized because other federal agencies routinely publish names and addresses of individuals the government accuses of crimes in newspapers of general circulation. Other agencies' day-to-day practices, however, are irrelevant to a FOIA privacy exemption analysis. Instead, courts use a balancing test to determine whether an individual's privacy interest qualifies under the relevant FOIA exemption. *See* 5 U.S.C. § 552(b)(7)(C). In *F.L.R.A. v. United States*

Jane E. Kirtley, Arlington, VA, for The Reporters Committee for Freedom of the Press, Amicus Curiae.

*Dep't of Defense*, we held that individuals have an important privacy interest in their home address. 977 F.2d 545 (11th Cir.1992). We weigh this important interest against the public's corresponding "right to know." O'Kane argues that a public interest exists in promoting legal representation for violators of customs laws.* Clearly, any such interest does not outweigh individuals' important privacy interest in their home addresses. Therefore, the district court did not err when it determined that the addresses qualify for FOIA's privacy exemption.

O'Kane also argues that the Electronic Freedom of Information Act Amendments of 1996 (Amendments) made clear that "a requester may seek information from the Government for 'any purpose' and that it is no longer necessary that an individual request information only when that individual is interested in finding out what the Government is 'up to.'" In sum, O'Kane argues that his purpose for requesting the information is irrelevant. The district court, however, correctly noted the Amendments merely clarified that electronic records are subject to FOIA; they did not narrow FOIA's privacy exclusions or invalidate the private-public interest balancing test. Finally, and perhaps alternatively, O'Kane argues that we should afford a lesser degree of privacy to "those who violate the laws of the United States." The district court however, correctly noted this distinction violates the proposition that individuals have a substantial privacy interest in their criminal histories. *See United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 767, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). Accordingly, O'Kane's last argument lacks merit.

Because the district court correctly rejected O'Kane's contention that the Electronic Freedom of Information Act Amendments of 1996 altered the FOIA's privacy policy, and the district court did not clearly err in determining that an individual's interest in his or her home address outweighs the "public interest" O'Kane asserts, we affirm the district court's grant of summary judgment.

AFFIRMED.

---

* O'Kane, a lawyer, wants the disclosure so that he can solicit these individuals for his law practice.