[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2008
THOMAS K. KAHN
CLERK

No. 08-10286
Non-Argument Calendar
_____

D. C. Docket No. 07-01237-CV-ORL-31-UAM

LUQMAN ADESOLA ADEJUMOBI,

Plaintiff-Appellant,

versus

NATIONAL SECURITY AGENCY,
(N.S.A),

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 18, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Luqman Adesola Adejumobi appeals pro se the summary judgment against

his complaint under the Freedom of Information Act, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552, and in favor of the National Security Agency. The district court concluded that the records sought by Adejumobi were exempt from the disclosure under the Information Act and the Agency had no records governed by the Privacy Act that were responsive to Adejumobi's request. We affirm.

We review a summary judgment de novo. O'Kane v. U.S. Customs Service, 169 F.3d 1308, 1309 (11th Cir. 1999). A summary judgment should be entered when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Section 552(a)(3) requires federal agencies, upon any request for records that reasonably describe documents held by that agency, to make those documents promptly available to any person. 5 U.S.C. § 552(a)(3). The Information Act requires agencies to release their records unless the records are protected from disclosure by a statutory exemption. Arenberg v. Drug Enforcement Admin., 849 F.2d 579, 580 (11th Cir. 1988). The agency bears the burden of establishing that an exemption applies. Miscavige v. Internal Revenue Service, 2 F.3d 366, 367 (11th Cir. 1993). An agency ordinarily may discharge its burden by filing a declaration of a qualified official regarding the factual basis for the conclusion of the agency that an exemption applies. A declaration by an official about a national security

exemption is entitled to "substantial weight," <u>King v. United States Dep't of Justice</u>, 830 F.2d 210, 217 (D.C. Cir. 1987); <u>Military Audit Project v. Casey</u>, 656 F.2d 724, 737 (D.C. Cir. 1981), but the declaration must offer the "requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." <u>King</u>, 830 F.2d at 218.

In support of its motion for summary judgment, the Agency filed a declaration of Rhea D. Siers, the Deputy Associate Director for Policy and Records for the Agency. Siers could neither confirm nor deny the existence of intelligence records that were responsive to Adejumobi's request. Siers explained that any information or records responsive to Adejumobi's request were withheld based on two exemptions under the Information Act. 5 U.S.C. § 552(b)(1), (3). The Agency also explained that it had no records governed by the Privacy Act that were responsive to Adejumobi's request.

Adejumobi failed to present any argument or evidence that responded to the declaration of Siers. Adejumobi instead asserted that he did not want intelligence records. Adejumobi stated that he wanted judicial records that referred to him.

The district court did not err. The record discloses no genuine issue of material fact that any information or records responsive to Adejumobi's request are exempt from disclosure and that the Agency has no records governed by the

Privacy Act that are responsive to Adejumobi's request. The district court correctly concluded that the Agency was entitled to a summary judgment against Adejumobi's complaint.

The summary judgment in favor of the Agency is

**AFFIRMED.**