20-3954-cv
*Sce v. City of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-two.

Present:     DENNIS JACOBS,
             REENA RAGGI,
             WILLIAM J. NARDINI,
                  *Circuit Judges*.

_____

ANDRE SCÉ,

                  *Plaintiff-Appellant*,

        v.                                                    20-3954-cv

CITY OF NEW YORK, DEPUTY CHIEF PAUL CIORRA, CAPTAIN TIMOTHY MORGAN, LIEUTENANT PETER A. SALLIE, INSPECTOR STEVEN D'ULISSE, DEPUTY INSPECTOR SYLVESTOR GE, all individually as well as in their official capacity as employees of the New York City Police Department,

                  *Defendants-Appellees*.

_____

For Plaintiff-Appellant:        DEBORAH I. FRANCOIS (David B. Shanies, *on the brief*), David B. Shanies Law Office, New York, NY

For Defendants-Appellees:       JULIE STEINER (Richard P. Dearing, Claude S. Platton, *on the brief*), *for* Georgia M. Pestana, Acting Corporation Counsel of the City of New York, New York, NY

1

Appeal from a judgment of the United States District Court for the Southern District of New York (William H. Pauley, III, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on November 2, 2020, is **AFFIRMED IN PART** and **VACATED IN PART** and that the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Andre Scé appeals from the district court's judgment (1) granting Defendants-Appellees' motion for summary judgment on the claims advanced in the Second Amended Complaint ("SAC"), (2) granting Defendants-Appellees' motion to dismiss the additional retaliation claims advanced in the Third Amended Complaint ("TAC"), and (3) denying Scé the opportunity to move to amend the complaint a fourth time.[1] We assume the reader's familiarity with the record.

I. **The District Court Correctly Granted Summary Judgment on Scé's Discrimination Claims**

We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor. *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016). Affirmance is warranted "only if there is no genuine issue of material fact and the prevailing party was entitled to judgment as a matter of law," and summary judgment "must be rejected if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). Scé's Title VII discrimination claims are subject to the *McDonnell Douglas* burden-shifting framework.[2] *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014). These claims are based on Defendants-Appellees' alleged failures to promote him and their alleged denial of overtime opportunities.

a. **Scé's Title VII Failure-to-Promote Claim**

To establish a *prima facie* case of discriminatory failure to promote, a plaintiff must ordinarily demonstrate that "he or she: (1) is a member of a protected class; (2) was qualified for the position at issue; (3) was denied the position; and (4) that the circumstances of the adverse employment decision give rise to an inference of discrimination." *Mandell v. Cnty. of Suffolk*, 316

---

[1] The district court also granted summary judgment in favor of Defendants-Appellees on Scé's claims under 42 U.S.C. § 1983. Scé abandoned these claims by failing to address them in his opening brief on appeal.

[2] Under this framework, Scé must state a *prima facie* case of race discrimination by proffering evidence that (1) he belongs to a protected group; (2) he was qualified for his position; (3) his employer took an adverse action against him; and (4) the adverse action occurred in circumstances giving rise to an inference of race discrimination. *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014). Once an employee makes a prima facie case, the burden shifts to the employer to give a legitimate, non-discriminatory reason for its actions. *Id.* If the employer does so, the burden then shifts back to the plaintiff to show "circumstances that would be sufficient to permit a rational finder of fact to infer that the [employer's] employment decision was more likely than not based in whole or in part on discrimination." *Id.* (internal quotation marks omitted).

F.3d 368, 377 (2d Cir. 2003). Like the district court, we conclude that Scé failed to establish a *prima facie* case of discrimination with respect to his failure-to-promote claim under Title VII because he failed to demonstrate a genuine dispute of material fact as to whether he was qualified for the positions in question. Scé's failure-to-promote claim is based on the allegedly discriminatory denial of the opportunity to apply for a position in the Collision Investigation Squad ("CIS") or Collision Technician Group ("CTG"). These groups investigate car accidents, and Defendants-Appellees introduced evidence that Scé was not qualified to join either group because he "did not have any background in investigations or Detective work." App'x 1436 ¶ 17. Scé counters that he was qualified for these positions because he served as a training sergeant, in which capacity he facilitated trainings for various units within the New York Police Department Highway Division (including CIS and CTG) but did not himself provide instruction.[3] But we have held that "being qualified refers to the criteria the employer has specified for the position," *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 127 (2d Cir. 2004) (internal quotation marks omitted), and so Scé's assertion that he has relevant training experience does not establish that he has the qualification Defendants-Appellees set for membership in CIS or CTG—actual investigative experience.[4] Accordingly, Scé has failed to establish a *prima facie* case of discrimination, and we affirm the district court's grant of summary judgment for Defendants-Appellees on his Title VII failure-to-promote claim.

### b. Scé's Title VII Denial-of-Overtime Claim

The district court also correctly determined that Scé failed to establish a genuine dispute of fact as to whether he was denied opportunities to earn overtime under circumstances giving rise to an inference of discrimination. Scé submitted a statistical analysis of his and other sergeants' overtime pay and argued that the data reflected that Scé earned fewer hours of overtime pay when Defendant-Appellee Morgan was his supervisor than he did in the periods during which he had another supervisor.[5] On appeal, Scé argues that the district court "ignored the clear correlation between Plaintiff's overtime and Morgan's influence" and "did not address Plaintiff's declaration that in February 2015, Defendant Sallie told Plaintiff that Morgan had placed strict limits on

---

[3] In his Local Rule 56.1 Statement of Undisputed Facts, Scé purported to deny Defendants-Appellees' assertions that Scé's responsibilities included tracking and scheduling training for members of CIS and that he did not provide instruction to members of CIS or CTG. We agree with the district court that Scé's denials do not create a genuine dispute of fact because the record evidence he cites does not support his denials. *See* S.D.N.Y. Loc. Civ. R. 56.1(b)–(d).

[4] Scé's conclusory assertion that five white sergeants who lacked investigatory backgrounds received positions in CIS or CTG does not create a genuine dispute of fact. Scé merely provides the last names of these sergeants and asserts that they did not have investigatory backgrounds but provides no other information. *See Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions that are conclusory.").

[5] Scé also attempted to use data analysis to show (1) that he received fewer overtime hours on average when he served under Morgan, and (2) that, in general, a disparity existed between the overtime pay of white and black sergeants, *i.e.*, that he was denied overtime in circumstances permitting an inference of discrimination. Scé analyzed the overtime pay of every sergeant who served in Highway at some point between 2011 and 2018 but, as Scé admitted and the district court recognized, the data did not provide the dates during which each sergeant worked in Highway, and so there was no way to determine whether a sergeant was serving in Highway or in a different department or precinct when he or she incurred overtime. We agree with the district court that these limitations make it impossible to draw an inference of discrimination from the data without further information regarding Scé's comparators.

Plaintiff's overtime opportunities." Scé Br. 21–22. Scé's argument overstates the record—Scé averred that "[i]n February 2015 Sallie told me that Morgan told [him] that I could not get overtime unless it was instructor related." App'x 1548 ¶ 31. At the time of Sallie's statement, Scé was working as an instructor, and he fails to explain why it was adverse for Morgan to limit his overtime to work associated with his primary duties, or to adduce evidence showing that Morgan did not so limit the overtime of white sergeants. We therefore conclude that Scé failed to demonstrate a genuine dispute of material fact as to whether he was denied overtime (if at all) in circumstances giving rise to an inference of discrimination. Scé points to two racist comments allegedly made by Defendant-Appellee Morgan as circumstantial evidence of discrimination, but, as the district court correctly observed, Scé produced no evidence as to when those comments were made and therefore failed to establish any nexus between those comments and any denial of overtime. We therefore affirm the district court's decision to grant summary judgment for Defendants-Appellants on Scé's denial-of-overtime claim under Title VII.

### c. Scé's Discrimination Claims under the NYCHRL

The district court also granted summary judgment in favor of Defendants-Appellees with respect to Scé's discrimination claim under the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.* With respect to his discrimination claims, Scé argues that the district court failed to analyze his NYCHRL claims separately from his federal claims and failed to consider the totality of the circumstances. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 113 (2d Cir. 2013) (noting that, in reviewing NYCHRL claims, federal courts must analyze such claims separately and independently from any federal and state claims and must consider the "totality of the circumstances"). Contrary to Scé's assertion, the district court did conduct a separate and independent analysis of each of Scé's NYCHRL claims. Nor does Scé explain how an assessment of the "totality of the circumstances" would have undermined the district court's conclusion that his Title VII discrimination claims fail. We therefore affirm the district court's decision to grant summary judgment for Defendants-Appellees on Scé's NYCHRL discrimination claims.

**II. The District Court Erred by Granting Summary Judgment on Scé's Retaliation Claims Under the New York City Human Rights Law and Dismissing the Retaliation Claims Advanced in the TAC**

Although we find no error in the district court's analysis of Scé's discrimination claims, we vacate the district court's decision to grant summary judgment in favor of Defendants-Appellees on the NYCHRL retaliation and aiding and abetting claims advanced in the SAC and to dismiss the additional retaliation claims under Title VII, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the NYCHRL advanced in the TAC. We review the district court's grant of summary judgment on Scé's NYCHRL retaliation claim under the standard recited above and review the court's decision to grant Defendants-Appellees' motion to dismiss the additional retaliation claims advanced in the TAC *de novo*, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Elias v. Rolling Stone LLC*, 872 F.3d 97, 104 (2d Cir. 2017).

4

### a. Summary Judgment on the Retaliation and Aiding and Abetting Claims under the NYCHRL Advanced in the SAC

"[T]o prevail on a retaliation claim under the NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik*, 715 F.3d at 112 (internal citations omitted). The district court granted summary judgment in favor of Defendants-Appellees on the NYCHRL retaliation claim advanced in the SAC for failure to establish a genuine dispute of material fact as to causation.

As an initial matter, it appears that the district court may have applied the incorrect causation standard. In explaining the principles applicable to retaliation claims under the NYCHRL, the district court recited the "but-for" causation standard applicable to Title VII retaliation claims. To grant summary judgment in favor of a defendant in an NYCHRL retaliation claim, however, a court must conclude as a matter of law that "retaliation played no role in the defendant's actions." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 76 (2d Cir. 2015) (internal quotation marks omitted). The possibility that the district court applied the more demanding causation standard applicable to federal retaliation claims to Scé's NYCHRL claims may alone warrant vacatur as to the latter. *See Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 411 (2d Cir. 2015) (vacating grant of summary judgment and remanding on NYCHRL claims where the district court did not "sp[eak] with sufficient clarity . . . as to whether the evidence was insufficient to support any causal link between age bias and plaintiff's firing, as required by the NYCHRL, or whether the evidence was simply insufficient to support the but-for causation required by the ADEA" (internal citations omitted)). We also vacate the district court's decision to grant summary judgment on Scé's NYCHRL aiding and abetting claim because the district court ruled on the ground that "no liability can attach in the absence of underlying discriminatory or retaliatory conduct," SPA 33 n.10, and we reinstate such underlying claims.

We also agree with Scé that the district court erred on the merits. The district court concluded that the allegedly baseless disciplinary investigations Scé complained of were too remote in time from any protected action to raise an inference of retaliatory motive. In considering which events in the litigation might have reset the clock, the district court limited itself to the temporal proximity of retaliatory actions to (i) Scé's filing of the EEOC charge in September 2015 and (ii) his initial complaint in September 2016. However, the initiation of an EEOC investigation or lawsuit is not the only type of event that might prompt actionable retaliation. *See Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 447 (2d Cir. 1999) (holding that plaintiff established *prima facie* case of retaliation where incidents of harassment "occurred shortly after deposition notices were served" in her lawsuit), *abrogated on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Here, Scé offered evidence that an allegedly baseless sexual harassment investigation was instituted against him less than a week after he served deposition notices on several of the individual Defendants-Appellees. Moreover, Scé submitted a declaration from a former NYPD officer, Edward Rosovich, who averred that, "[o]n many occasions between 2014 and 2018," he personally observed Defendants-Appellees Ge and Morgan speak with another officer, Sergeant Schneider, "about their plans to harm Sergeant Sc[é]'s career" by planning to "use fabricated disciplinary charges to harm Sergeant Sc[é]." App'x 1542–42. The district court erred in dismissing these allegations of direct observations as "conclusory," SPA 31,

5

and in concluding therefore that Scé failed to establish a genuine dispute of material fact as to causation. We therefore vacate the district court's grant of summary judgment in favor of Defendants-Appellees on Scé's NYCHRL retaliation claim to the extent that is based on an allegedly baseless disciplinary proceeding.

### b. Dismissal of the Retaliation Claims Under Title VII, the NYSHRL, and the NYCHRL advanced in the TAC

In the TAC, Scé brought additional retaliation claims under Title VII and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the NYCHRL. "[F]or a retaliation claim [under Title VII] to survive a . . . motion to dismiss, the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (quoting 41 U.S.C. § 2000e-3(a)). Title VII and NYSHRL claims are typically treated as "analytically identical." *Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 n.7 (2d Cir. 2019).

The district court dismissed the retaliation claims advanced in the TAC for failure to plead causation. Specifically, the district court construed these claims as relating only to retaliation in response to the filing of the SAC in June of 2018 and concluded, based on temporal proximity alone, that two disciplinary proceedings brought against Scé in February and May of 2019 were too far removed from the filing of the SAC to establish causation. We do not read the TAC and its new retaliation claims so narrowly. Although Scé added *factual* allegations relating to retaliation occurring after he filed his SAC, he explicitly styled his Title VII claim as being based on protected activities including "filing complaints of racial discrimination, filing an EEOC charge, and pursuing this lawsuit." App'x 1424 (TAC ¶ 401). We therefore hold that it was error for the district court to dismiss the new retaliation claims based only on an analysis of alleged retaliation occurring after the filing of the SAC. Accordingly, we vacate the district court's decision to grant the Defendants-Appellees' motion to dismiss the TAC with respect to Scé's Title VII, NYSHRL, and NYCHRL retaliation claims.

## III. The District Court Erred by Refusing to Allow Scé to File a Motion to Amend

"Absent extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation, or a failure to comply with sanctions imposed for such conduct, a court has no power to prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987) (citations omitted). Requiring that the district courts allow filing of even those motions that, on their face, may appear to lack merit is necessary to enable appellate review. *See IBM v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975). However, we have, in unpublished summary orders, occasionally affirmed where a district court deemed a letter requesting a pre-motion conference to be the motion itself and denied it. *See, e.g.*, *StreetEasy, Inc. v. Chertok*, 730 F. App'x 4, 6 (2d Cir. 2018). In these situations, we emphasized the length and detail of the pre-motion letters and responses and the clear lack of merit of the motion. *See id.* at 6 ("[T]he parties offered detailed arguments in pre-motion letters that evidenced the clear lack of merit in [the] contemplated motion . . . ."). Here, Scé's letter requesting a pre-motion conference related to a forthcoming motion to amend was only two single-spaced pages and covered two other requests in addition to his

6

contemplated motion to amend.  He submitted three exhibits but appears not to have been able to file a reply.  Defendants-Appellees submitted a three-page letter in opposition to Scé's requests, but their argument on the request for leave to amend is confined to two paragraphs.  Accordingly, it was not appropriate for the district court to deem the motion to amend made and to rule on it. We therefore vacate the district court's denial of Scé's motion to amend.

*     *     *

For the foregoing reasons, we **AFFIRM IN PART** and **VACATE IN PART** the judgment of the district court and **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk